[No. S115090. July 8, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
KEITH ISHMEAL CARMONY, Defendant and Appellant.

368

## COUNSEL

Victor S. Haltom, under appointment by the Supreme Court, for Defendant and Appellant.

Jack Funk, Assistant Public Defender; and Michael Vitiello for California Public Defenders Association as Amicus Curiae on behalf of Defendant and Appellant.

Bill Lockyer, Attorney General, Manuel M. Medeiros, State Solicitor General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Janet E. Neeley, Stephen G. Herndon and David Andrew Eldridge, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN, J.**—In this case, defendant Keith Ishmeal Carmony pled guilty to one count for failure to register in violation of Penal Code section 290,

subdivision (g)(2)[1] and admitted that he had suffered three prior "strikes" under the three strikes law. (§§ 667, subds. (b)–(i), 1170.12.) Carmony moved to dismiss these strikes pursuant to section 1385, but the trial court refused to do so and sentenced him to 26 years to life in accordance with the three strikes law. We now consider what standard of review should be applied to the trial court's decision *not* to dismiss or strike a sentencing allegation under section 1385 and whether, under this standard, the court erred in making this decision. We conclude that the court's decision not to strike a prior conviction allegation should be reviewed under the deferential abuse of discretion standard and that the court did not abuse its discretion in refusing to do so.

## I.

Due to a 1983 conviction for oral copulation by force or fear, or with a minor under age 14 (§ 288a, subd. (c)), Carmony had to register as a sex offender pursuant to section 290. In this case, Carmony failed to register with the Redding Police Department within five days of his birthday—October 22, 1999—even though he had registered on September 16 and again on September 23 in order to notify the police of his new address.[2] At the time of the offense, Carmony already had two prior convictions for failing to register but had registered with the Redding Police Department in 1995, 1996, 1998 and 1999. Upon discovering that Carmony had failed to register, his parole agent asked him to bring his check stubs to her office. When Carmony reported to the parole office, the agent arrested him.

The criminal complaint charged Carmony with one count of willful failure to register in violation of section 290, subdivision (g)(2). The complaint also alleged one prior felony conviction (§ 667.5, subd. (b)) and three prior serious and/or violent felony convictions—the strikes (§ 1170.12).

Carmony's first strike arose from a 1983 conviction[3] for oral copulation by force or fear, or with a minor under age 14. (§ 288a, subd. (c).) In this crime, an intoxicated Carmony became angry with his girlfriend at the time and, in apparent retaliation, picked up her nine-year-old daughter from school and "basically raped her."

Carmony's second and third strikes arose from two 1993 convictions for assault with a deadly weapon or by means of force likely to produce great

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] Carmony's address had not changed in the interim. He also claimed that his parole agent knew his address and that he would have registered if someone had advised him of his obligation to do so.

[3] As noted in the Court of Appeal opinion, "[t]he charging document refers to the date of conviction for the offense as April 1980, but the probation report indicates it was in 1983."

bodily injury. (§ 245, subd. (a)(1).) In the first incident, Carmony punched and kicked his girlfriend and caused her to miscarry. In the second incident, he punched another girlfriend and cut her hand with a knife.

Carmony ultimately pled guilty to the one count of failure to register (§ 290, subd. (g)(2)), and admitted he had suffered three prior strikes (§ 1170.12) and one prior prison term (§ 667.5, subd. (b)). The court referred the matter to the probation department for a presentence report and asked it to recommend whether the court should dismiss any strikes pursuant to *People v. Cluff* (2001) 87 Cal.App.4th 991 [105 Cal.Rptr.2d 80] (*Cluff*).

The probation department reported that Carmony was 40 years old at the time of the offense and married. He had a nine-year-old daughter from a previous common law relationship who resided with her mother. According to the department, Carmony had a long history of alcohol and drug abuse, and alcohol had apparently contributed to all of his prior offenses. Although Carmony had never participated in a substance abuse treatment program, he had attended Alcoholics Anonymous meetings. And, prior to committing the current offense, he had obtained a job and performed well, but had quit after only a short time.

The department also noted that Carmony had received written notice of his obligation to register on several occasions, including when he registered on September 23—less than one month before his birthday. His parole agent also allegedly called him on his birthday to remind him of his duty to register. Carmony, however, disputed this.

Finally, the department reported that Carmony had multiple juvenile adjudications and had committed numerous parole violations. His adult criminal record was also lengthy and included numerous other convictions in addition to his three strike offenses and his two prior convictions for failure to register. Specifically, Carmony suffered: (1) two separate convictions for second degree burglary in 1977 and 1978 (Pen. Code, § 459); (2) a conviction for petty theft with a prior in 1985 (Pen. Code, § 666); (3) two separate convictions for driving under the influence in 1988 and 1992 (Veh. Code, § 23152, subd. (a)); (4) two separate convictions for violating Penal Code section 148 in 1988 and 1991; and (5) a conviction for trespassing (Pen. Code, § 602, subd. (1)) and petty theft (Pen. Code, § 488) in 1990.

At the end of its presentence report, the probation department suggested that the court could appropriately strike one of Carmony's prior serious and/or violent felony convictions in light of *Cluff, supra,* 87 Cal.App.4th 991, but the court would have to strike two of these convictions in order to make a difference in his sentence. Accordingly, the department recommended that Carmony receive a sentence of 26 years to life.

After receiving the report, Carmony moved to dismiss two of his strikes pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] (*Romero*) and *Cluff, supra,* 87 Cal.App.4th 991. The trial court declined. According to the court, Carmony had a lengthy criminal record "with a yearly visit to state prison most of his adult life." The court also noted that Carmony could not plausibly claim that he did not know about his duty to register within five days of his birthday. Based on these facts and Carmony's poor work record and lack of future prospects, the court concluded that he "certainly" fell "within the spirit of . . . the 3-strikes law."

The Court of Appeal reversed, holding that the trial court abused its discretion by refusing to dismiss any of Carmony's strikes. Although the court "acknowledged that [Carmony's] criminal record [was] serious," it found that his current offense "must be characterized as 'the most technical violation of the section 290 registration requirement we have seen.' " The court further concluded that "commission of the current offense bears little indication that defendant has recidivist tendencies to commit other offenses" and that the offense "was passive and without practical impact in a way that many misdemeanor offenses and minor drug crimes are not." Based solely on the "nature and circumstances of the present offense," the Court of Appeal found that Carmony fell outside the spirit of the three strikes law and reversed.[4] In remanding for resentencing, the court noted that Carmony did not fall "entirely outside the spirit of the law" and suggested that the trial court "may wish to consider dismissing two prior strikes and sentencing defendant as a second-strike offender."

We granted review.

## II.

### A.

Under section 1385, subdivision (a), a "judge . . . may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." "In *Romero*, we held that a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, 'in furtherance of justice' pursuant to . . . section 1385(a)." (*People v. Williams* (1998) 17 Cal.4th 148, 158 [69 Cal.Rptr.2d 917, 948 P.2d 429] (*Williams*).) We further held that "[a] court's discretionary decision to dismiss or to strike a sentencing allegation under section 1385 is" reviewable for abuse of discretion. (*Romero, supra,* 13 Cal.4th at p. 531.)

---

[4] The court therefore declined to consider whether Carmony's sentence constituted cruel and/or unusual punishment.

We did not, however, determine whether a trial court's decision *not* to dismiss or strike a prior serious and/or violent felony conviction allegation under section 1385 is reviewable for abuse of discretion. Most Courts of Appeal have held that such a decision is reviewable for abuse of discretion.[5] But one Court of Appeal has stated that "[t]here is no authority granting the appellate courts the ability to review a court's informed decision to not exercise its section 1385 power in the furtherance of justice." (*People v. Benevides* (1998) 64 Cal.App.4th 728, 735 [75 Cal.Rptr.2d 388], fn. omitted (*Benevides*).) According to *Benevides*, a court should "not reweigh the circumstances of the case to determine whether, in [its] opinion, the trial court should have, or properly refrained from, exercising its discretion to strike a prior conviction." (*Id.* at p. 733, fn. 6.) Rather, review is available *only if* the "court's refusal or failure to exercise its section 1385 discretion to dismiss or strike is based on a mistaken belief regarding its authority to do so" (*id.* at p. 735), or if the "court expresses clearly improper reasons for refusing to exercise its discretion" (*ibid.*, fn. 7). We now resolve this conflict, and conclude that a court's failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard.

As an initial matter, we note that the relevant case law overwhelmingly supports this conclusion. Although we have not resolved this question in the context of a court's refusal to strike a sentencing allegation, we have, in the past, reviewed a court's decision not to exercise its section 1385 discretion to dismiss in other contexts for abuse of discretion. (See *People v. Memro* (1995) 11 Cal.4th 786, 835–836 [47 Cal.Rptr.2d 219, 905 P.2d 1305] [reviewing a trial court's denial of "a motion to dismiss the information brought under section 1385 . . . for an abuse of discretion"].) Moreover, in *People v. Benson* (1998) 18 Cal.4th 24 [74 Cal.Rptr.2d 294, 954 P.2d 557], we left open the possibility that there may be circumstances in which a trial court abuses its discretion by failing to strike a prior serious and/or violent felony conviction allegation. (See *id.* at p. 36, fn. 8.) We alluded to this possibility again in *People v. Sanchez* (2001) 24 Cal.4th 983, 993 [103

---

[5] (See, e.g., *People v. Jones* (2002) 101 Cal.App.4th 220, 233 [124 Cal.Rptr.2d 10] [reviewing a trial court's failure to strike a prior under section 1385 for abuse of discretion]; *People v. Romero* (2002) 99 Cal.App.4th 1418, 1434 [122 Cal.Rptr.2d 399] [same]; *People v. Zichwic* (2001) 94 Cal.App.4th 944, 961 [114 Cal.Rptr.2d 733] [same]; *People v. Cole* (2001) 88 Cal.App.4th 850, 873, fn. 9 [106 Cal.Rptr.2d 174] [same]; *People v. Ortega* (2000) 84 Cal.App.4th 659, 666 [101 Cal.Rptr.2d 253] (*Ortega*) [same]; *People v. Stone* (1999) 75 Cal.App.4th 707, 717 [89 Cal.Rptr.2d 401] (*Stone*) [same]; *People v. Barrera* (1999) 70 Cal.App.4th 541, 555 [82 Cal.Rptr.2d 755] [same]; *People v. Myers* (1999) 69 Cal.App.4th 305, 309 [81 Cal.Rptr.2d 564] (*Myers*) [same]; *People v. Cline* (1998) 60 Cal.App.4th 1327, 1337 [71 Cal.Rptr.2d 41] [same]; *People v. Gillispie* (1997) 60 Cal.App.4th 429, 435 [70 Cal.Rptr.2d 462] (*Gillispie*) [same]; see also *People v. Mack* (1986) 178 Cal.App.3d 1026, 1033–1034 [224 Cal.Rptr. 208] [reviewing a court's refusal to strike a sentencing enhancement for abuse of discretion].)

Cal.Rptr.2d 698, 16 P.3d 118]. In doing so, we implied that a trial court's decision not to strike is subject to review for abuse of discretion. (See *Ortega, supra,* 84 Cal.App.4th at p. 665, fn. 6.) Following these leads, virtually every Court of Appeal has held that a court's decision not to strike a prior pursuant to section 1385 should be reviewed for abuse of discretion. (See *ante,* fn. 5.)

Like our Courts of Appeal, we follow our own lead and hold that a trial court's refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion. We reach this holding not only because of the overwhelming case law, but also as a matter of logic. "Discretion is the power to make the decision, one way or the other." (*Myers, supra,* 69 Cal.App.4th at p. 309.) We have previously concluded that a court's decision to strike a qualifying prior conviction is discretionary. (See *Romero, supra,* 13 Cal.4th at p. 530.) As such, a court's decision *not* to strike a prior necessarily requires some exercise of discretion. Because these two decisions are flip sides of the same coin, we see no reasoned basis for applying a different standard of review to a court's decision not to strike.

We therefore reject *Benevides* to the extent it holds that appellate courts lack authority to review a trial "court's informed decision" not to "exercise its section 1385 power in the furtherance of justice." (*Benevides, supra,* 64 Cal.App.4th at p. 735.) Indeed, we do not find persuasive the grounds proffered by *Benevides* in support of this holding. In refusing to review the court's decision not to strike a prior for abuse of discretion, *Benevides* noted that "[s]ection 1385 does not confer a motion or right to relief upon the defendant" (*Benevides,* at p. 734), and that "a trial court is under no obligation to rule on such a 'motion'" (*ibid.*). According to *Benevides,* it therefore "follows that if the court does not exercise its power to dismiss or strike, there is no review available to defendant on appeal." (*Ibid.*)

This reasoning, however, is faulty. A defendant has no right to make a motion, and the trial court has no obligation to make a ruling, under section 1385. But he or she does have the right to "invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading, and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice." (*Rockwell v. Superior Court* (1976) 18 Cal.3d 420, 441 [134 Cal.Rptr. 650, 556 P.2d 1101].) And "[w]hen the balance falls clearly in favor of the defendant, a trial court not only may *but should* exercise the powers granted to him by the Legislature and grant a dismissal in the interests of justice." (*People v. Superior Court (Howard)* (1968) 69 Cal.2d 491, 505 [72 Cal.Rptr. 330, 446 P.2d 138], italics added.) Nonetheless, any failure on the part of a

defendant to invite the court to dismiss under section 1385 following *Romero* waives or forfeits his or her right to raise the issue on appeal. (See *People v. Scott* (1994) 9 Cal.4th 331, 352–353 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

■ In light of the rights accorded to a defendant and the limitations on the trial court's power under section 1385, the defendant's inability to move to dismiss under section 1385 should not, as suggested by *Benevides*, preclude him or her from raising the erroneous failure to do so on appeal. (See *Gillispie, supra*, 60 Cal.App.4th at p. 433 ["The fact that an action is taken on the court's own motion does not preclude the possibility of error appearing on the record"].) Indeed, the prosecution has the power to appeal a court's decision to strike a prior under section 1385 even though it did not make a motion to do so. (*Romero, supra*, 13 Cal.4th at p. 531.) Thus, as a matter of logic and fairness, the defendant should have the concomitant power to appeal a court's decision not to dismiss a prior under section 1385 even though he or she cannot make a motion to dismiss.

■ The fact that section 1385 only states that "[t]he reasons for the dismissal must be set forth in an order entered upon the minutes" (§ 1385, subd. (a)) and does not require a court to "explain its decision not to exercise its power to dismiss or strike" does not compel a different conclusion. (*Benevides, supra*, 64 Cal.App.4th at p. 734.) The absence of such a requirement merely reflects the legislative presumption that a court acts properly whenever it sentences a defendant in accordance with the three strikes law. (See *People v. Strong* (2001) 87 Cal.App.4th 328, 337–338 [104 Cal.Rptr.2d 490] (*Strong*) [noting that the three strikes law establishes a sentencing requirement that must be applied unless the court concludes that the defendant falls outside the spirit of the law].) It does not purport to define the appropriate standard of review on appeal. Accordingly, we conclude that a trial court's failure to dismiss or strike a prior serious and/or violent felony conviction allegation under section 1385 should be reviewed for abuse of discretion. We therefore disapprove of *People v. Benevides, supra*, 64 Cal.App.4th 728, to the extent it conflicts with our decision here today.

### B.

Our inquiry does not, however, end with our decision to apply the deferential abuse of discretion standard. We must still determine whether the trial court abused its discretion by refusing to strike Carmony's priors. We conclude it did not.

■ In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have

acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978 [60 Cal.Rptr.2d 93, 928 P.2d 1171] (*Alvarez*), quoting *People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831 [7 Cal.Rptr.2d 177].) Second, a " 'decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " (*Alvarez*, at p. 978, quoting *People v. Preyer* (1985) 164 Cal.App.3d 568, 573 [210 Cal.Rptr. 807].) Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.

Because "all discretionary authority is contextual" (*Alvarez, supra,* 14 Cal.4th at p. 978), we cannot determine whether a trial court has acted irrationally or arbitrarily in refusing to strike a prior conviction allegation without considering the legal principles and policies that should have guided the court's actions. We therefore begin by examining the three strikes law.

"[T]he Three Strikes initiative, as well as the legislative act embodying its terms, was intended to restrict courts' discretion in sentencing repeat offenders." (*Romero, supra,* 13 Cal.4th at p. 528 [53 Cal.Rptr.2d 789, 917 P.2d 628].) To achieve this end, "the Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court 'conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme.' " (*Strong, supra,* 87 Cal.App.4th at pp. 337–338, fn. omitted.)

Consistent with the language of and the legislative intent behind the three strikes law, we have established stringent standards that sentencing courts must follow in order to find such an exception. "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to Penal Code section 1385(a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams, supra,* 17 Cal.4th at p. 161.)

■ Thus, the three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper.

In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not "aware of its discretion" to dismiss (*People v. Langevin* (1984) 155 Cal.App.3d 520, 524 [202 Cal.Rptr. 234]), or where the court considered impermissible factors in declining to dismiss (*Gillispie, supra,* 60 Cal.App.4th at p. 434). Moreover, "the sentencing norms [established by the Three Strikes law may, as a matter of law,] produce[] an 'arbitrary, capricious or patently absurd' result" under the specific facts of a particular case. (*Ibid.*)

But "[i]t is not enough to show that reasonable people might disagree about whether to strike one or more" prior conviction allegations. (*Myers, supra,* 69 Cal.App.4th at p. 310.) Where the record is silent (see *Gillispie, supra,* 60 Cal.App.4th at p. 434 ["On a silent record in a post-*Romero* case, the presumption that a trial court ordinarily is presumed to have correctly applied the law should be applicable"]), or "[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance" (*Myers,* at p. 310). Because the circumstances must be "extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack" (*Strong, supra,* 87 Cal.App.4th at p. 338), the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary. Of course, in such an extraordinary case—where the relevant factors described in *Williams, supra,* 17 Cal.4th 148, manifestly support the striking of a prior conviction and no reasonable minds could differ—the failure to strike would constitute an abuse of discretion.

This case, however, is far from extraordinary. Carmony failed to register even though he was informed of his duty to do so on several occasions. He had a lengthy and violent criminal record—which included two prior convictions for failing to register. He had also done little to address his substance abuse problems, had a spotty work history, and appeared to have poor prospects for the future. All of these factors were relevant to the trial court's decision under *Romero,* and the court properly balanced them in concluding

that Carmony fell within the spirit of the three strikes law. Indeed, Carmony appears to be "an exemplar of the 'revolving door' career criminal to whom the Three Strikes law is addressed." (*Stone, supra,* 75 Cal.App.4th at p. 717.) As such, the court's decision not to strike Carmony's priors is neither irrational nor arbitrary and does not constitute an abuse of its discretion.

■ By contrast, the Court of Appeal, in reversing, erroneously focused on a single factor—the nature and circumstances of Carmony's current offense— to the exclusion of all others. (See *People v. Garcia* (1999) 20 Cal.4th 490, 501 [85 Cal.Rptr.2d 280, 976 P.2d 831] [noting that judicially mandating the predominance of a single factor in the court's exercise of discretion " 'would eviscerate the essence of its statutory authority' "].) By judicially mandating the predominance of this factor, the court not only improperly substituted its own judgment for the judgment of the trial court (see *Alvarez, supra,* 14 Cal.4th at p. 978), it also eviscerated the trial court's discretion under our decisions in *Romero* and *Williams.*

Finally, *Cluff* does not dictate a contrary conclusion. Even assuming *Cluff* was correctly decided, it is distinguishable. In *Cluff,* the defendant failed to register on his birthday in violation of section 290. Following the defendant's conviction for failure to register, the trial court denied his "*Romero* motion" and sentenced him "to a term of 25 years to life." (*Cluff, supra,* 87 Cal.App.4th at p. 996.) In refusing to strike the defendant's prior felony conviction allegations, the court relied in part on the defendant's obfuscatory conduct. (See *id.* at p. 1001.)

The Court of Appeal reversed. According to the court, "none of the facts before the court—whether considered separately or together—support the inference that Cluff failed to update his registration in order to obfuscate his residence or escape the reach of law enforcement." (*Cluff, supra,* 87 Cal.App.4th at p. 1003.) Because "the evidence in the record d[id] not support the inference of obfuscation that was central to the trial court's ruling," the court found an abuse of discretion and remanded for resentencing. (*Id.* at p. 1004.)

Unlike the trial court in *Cluff,* which relied on a factor—the defendant's intentional obfuscation of his whereabouts—allegedly unsupported by the record, the trial court in this case refused to strike defendant's prior convictions based on factors allowed under the law and fully supported by the record. Thus, the Court of Appeal in this case, unlike the court in *Cluff,* did not conclude that the trial court relied on improper factors in refusing to strike. Rather, it simply disagreed with the court's weighing of these factors. And in doing so, it erred. (See *Alvarez, supra,* 14 Cal.4th at p. 978 [holding that an appellate court may not substitute its judgment for the judgment of the

trial court]; *Myers, supra,* 69 Cal.App.4th at p. 310 [holding that an appellate court must affirm even if it "might have ruled differently in the first instance"].) Accordingly, we hold that the trial court did not abuse its discretion in refusing to strike Carmony's prior serious and/or violent felony conviction allegations.[6]

## III.

We reverse the judgment of the Court of Appeal and remand for further proceedings consistent with this opinion.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.

**MORENO, J.,** Concurring.—In this case, the majority holds that the trial court's decision *not to dismiss a strike* against a defendant pursuant to Penal Code section 1385, subdivision (a) is reviewable under an abuse of discretion standard, and that the trial court in this case did not abuse its discretion in refusing to dismiss any strikes. The majority leaves open the issue of whether the resulting sentence of 26 years to life "violates the constitutional guarantees against cruel and/or unusual punishment or double jeopardy . . . ." (Maj. opn., *ante,* at fn. 6.) Obviously, it would be an abuse of the trial court's discretion *not to dismiss* the strike if refusing to do so leads to a sentence that violates the state or federal prohibition against cruel and unusual punishment. Therefore, the majority holding that the trial court did not abuse its discretion is actually a holding that it did not abuse the *statutory* discretion given to it by section 1385, subdivision (a) and the "Three Strikes" law. In arriving at that holding, the majority makes clear that there is a class of cases in which an appellate court can determine, without reaching any constitutional issues, that the trial court abused its discretion on statutory grounds.

This class of cases falls essentially into two categories, which may be termed procedural and substantive. The former occurs when the trial court proceeds in an improper manner, i.e., "where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]." (Maj. opn., *ante,* at p. 378.) The latter occurs when, notwithstanding the lack of the above irregularities, the resulting sentence is clearly erroneous because "the relevant factors described in *[People v.] Williams* [(1998)] 17 Cal.4th 148 [69 Cal.Rptr.2d

---

[6] We do not, however, address the issue of whether the sentence violates the constitutional guarantees against cruel and/or unusual punishment or double jeopardy, and leave the resolution of this issue for the Court of Appeal on remand.

917, 948 P.2d 429],[1] manifestly support the striking of a prior conviction . . . ." (Maj. opn., *ante*, at p. 378.)

The majority concludes that the sentence in this case falls into neither of those two categories. I agree in light of the extent of defendant's prior criminal record and his poor prospects. And yet, it is difficult to escape the conclusion that the electorate that enacted the Three Strikes law did not intend to impose a life sentence on someone whose last offense was a technical violation of the sex offender registration statute—failing to register within five days of his birthday although he had registered a month earlier and had not changed his address since then—that posed no danger to the public. This case joins the growing ranks of cases in which life sentences were imposed after the commission of minor felonies. (See Vitiello, *California's Three Strikes and We're Out: Was Judicial Activism California's Best Hope?* (2004) 37 U.C. Davis L.Rev. 1025, 1026 ["Widely reported Three Strikes cases have involved trivial offenses—such as the theft of a bicycle, a slice of pizza, cookies or a bottle of vitamins—that have resulted in severe sentences"].) Subject to the caveat that the sentence may yet be overturned on constitutional grounds, I reluctantly concur in the majority opinion. But because the standard for what constitutes cruel and unusual punishment is itself extremely rigorous (see, e.g., *Lockyer v. Andrade* (2003) 538 U.S. 63 [155 L.Ed.2d 144, 123 S.Ct. 1166] [upholding 50-year-to-life sentence for defendant convicted of two petty thefts with a prior conviction]), the determination of whether such sentences are reasonable lies chiefly with the electorate in its capacity to amend the law.

Chin, J., concurred.

---

[1] Those factors include "the nature and circumstances of [a] defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects . . . ." (*People v. Williams, supra,* 17 Cal.4th at p. 161.)