Filed 7/23/13  P. v. Rivera CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PHILLIP ALAMILLO RIVERA,<br><br>    Defendant and Appellant. | 2d Crim. No. B246055<br>(Super. Ct. No. 2009044545)<br>(Ventura County) |

Phillip Alamillo Rivera appeals his sentence following his guilty plea to possession for sale of a controlled substance - heroin, a felony.  (Health & Saf. Code, § 11351.)  The trial court sentenced him to six years in state prison.  He filed a "motion" requesting the court to strike for sentencing purposes his prior serious felony "strike" convictions for robbery and burglary.  (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.)  The court denied that request.  We conclude Rivera has not met his burden to show an abuse of discretion.  We affirm.

FACTS

On December 7, 2009, police officer Kimberley Hemminger received a dispatch call to go to a restaurant because employees suspected Rivera was "possibly selling narcotics."  When police arrived, they talked to Rivera and noticed he was "fidgety."  His eyes "had the tremors," his pupils were "constricted," and he appeared to be "under the

influence of narcotics." He had "track marks" consistent with someone who had been injecting narcotics.

Rivera was arrested and in a search police found "a large amount of cash in his front left pocket." In his cell phone case, they found drug "paraphernalia" - bags containing 45 small aluminum foil "bindles" and heroin.

In a plea agreement, Rivera pled guilty to possession for sale of heroin. He admitted that he possessed 14.25 grams of heroin and that he had two prior "strike" convictions for robbery in 1979 and burglary in 1991.

On June 25, 2012, Rivera filed a "*Romero* motion" requesting the trial court to strike his prior strike convictions. The court denied the request. It considered "the factors under *Romero*" and ruled it was not "appropriate" to strike the prior strikes. It found that his prior convictions were "numerous" and his performance on probation or parole was "unsatisfactory."

The trial court noted that when Rivera entered his guilty plea, he faced a 25-year-to-life sentence under the three strikes law. But shortly before the sentencing hearing, voters approved amendments to that law. (Pen. Code, § 667, subds. (c)(1), (e)(1).) The court said Rivera was "fortunate that he has the benefit of this new law." Because his current conviction was "neither a serious or violent felony," the "court cannot treat it as a three-strike case."

## DISCUSSION

### *Abuse of Discretion*

Rivera contends the trial court abused its discretion by not striking his prior serious felony convictions. We disagree.

"'[A] trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, "in furtherance of justice". . . .'" (*People v. Carmony* (2004) 33 Cal.4th 367, 373.) But a court's decision on whether to grant such relief is "discretionary" and is "reviewable for abuse of discretion." (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at pp. 531-532.)

2

"'"[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary."'" (*People v. Carmony*, *supra*, 33 Cal.4th at p. 376.) A "'"decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"'" (*Id*. at p. 377.) "Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid.*)

A trial court decides whether to strike a prior conviction after considering "the nature and circumstances of [the defendant's] present felonies," prior convictions, and the "particulars of [the defendant's] background, character, and prospects . . . .'" (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.) But "the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit'" of the three strikes "scheme." (*Id.* at p. 378.)

Rivera has not met his burden to show an abuse of discretion. He contends he "is a struggling drug addict" and the "majority of his crimes were related to his use of drugs." But the probation report reflects that "after numerous opportunities on probation and parole, he continues to disregard the law and the importance of living a sober life." In his *Romero* motion, Rivera said he had been "arrested for 46 'under the influence' charges." He has a 40-year history of committing numerous drug-related offenses. In deciding whether to strike priors, the court may consider negative factors such as where the defendant has "done little to address his substance abuse problems" and appears "to have poor prospects for the future." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378.)

Rivera suggests the trial court should have struck the 1979 robbery conviction and the 1991 burglary conviction because they were remote in time. Remoteness is a factor a trial court may consider. (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.) But as the court stated in *Humphrey*, it is not a "mitigating" factor to strike a prior strike where "the defendant [does] not lead a 'legally blameless life' since the 1976 prior." (*Ibid.*)

The probation report reflects that Rivera has nine felony convictions and he "has served numerous commitments to state prison." He was convicted of burglary in 1969,

3

robbery in 1978, and burglary in 1991. But he did not lead a legally blameless life after the 1991 conviction. Rivera had a 1997 parole violation. He had a felony burglary conviction in 1998. He was sentenced to six years in state prison. When he was released, he violated parole in 2003. In 2008, he was convicted of driving with a suspended license and driving while under the influence.

Rivera claims his offenses were largely related to his drug use. But he has a long record of convictions for other types of offenses. He was convicted of possessing a forged item in 1969, receiving stolen property in 1973, resisting a public officer in 1975, escape from custody in 1976, and carrying a concealed weapon in 1978. During a parole search in 1983, Rivera was in possession of a stolen .22 caliber handgun and a sawed-off shotgun. In 1985, he was convicted of theft. In 1986, he was convicted of petty theft with a prior. In 1987, he was convicted of unlawfully carrying a loaded weapon.

His criminal history is so extensive it spans almost seven pages of the probation report. The probation officer noted that in addition to his current felony, Rivera has "currently pending two driving under the influence [charges] and an arraignment for being under the influence of a drug." A defendant falls "within the spirit of the three strikes law" where his or her criminal history amounts to "'an exemplar of the "revolving door" career criminal.'" (*People v. Carmony*, *supra*, 33 Cal.4th at p. 379.) Rivera has not shown why the trial court could not reasonably find he fell within that category. There was no abuse of discretion.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

4

Kevin G. DeNoce, Judge

Superior Court County of Ventura

_____

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.