Filed 8/28/24  P. v. Shaver CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C097986 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CR-002616) |
| v. | |
| CHASE ANDREW SHAVER, | |
| Defendant and Appellant. | |

Defendant Chase Andrew Shaver pled guilty to three felonies and admitted a prior strike conviction.  The trial court sentenced him to an aggregate term of seven years four months in state prison, including the upper term doubled on his conviction for being a felon in possession of a firearm and a consecutive term for unlawful possession of ammunition.  On appeal, Shaver contends the trial court violated the dual use prohibition by relying on the same two aggravating circumstances to impose consecutive terms as

1

well as the upper term. Shaver also contends the trial court abused its discretion in imposing the upper term based on the circumstances presented. We shall affirm the judgment.

## BACKGROUND

In January 2023, Shaver pled guilty to being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1); count I),[1] unlawful possession of ammunition (§ 30305, subd. (a)(1); count II), and possession of a short-barreled shotgun (§ 33215; count III). Shaver also admitted to a prior strike conviction. In exchange for his plea, the People agreed not to pursue "dissuading-type charges" against Shaver and his family members. This was an open plea, and the parties agreed the maximum term available was seven years four months.

In its presentencing report, the Probation Department (the Department) noted that "[g]iven [Shaver's] youthful age, he has an extensive juvenile and adult criminal record." Shaver's criminal history includes a sustained wardship petition for obstructing a public officer in 2012, and another one for possessing a firearm at a public school in 2013. As an adult, Shaver was convicted of selling marijuana (Health & Saf. Code, § 11360, subd. (a)) in 2015 and sentenced to three years in state prison. Concurrent to that term, Shaver was sentenced to two years for first degree residential burglary. (§ 459.) Shaver was convicted of a separate first degree residential burglary (§ 459) in 2015 and sentenced to six years in state prison.

In 2021, Shaver was sentenced to another two years in state prison for recklessly evading a peace officer. (Veh. Code, § 2800.2.) That conviction resulted in a parole violation for which Shaver served a concurrent 180-day term in prison. Shaver was later released on postrelease community supervision (PRCS) but violated that as well and was

---

[1]     Undesignated statutory references are to the Penal Code.

2

committed to 90 days in jail. Despite his criminal history, however, the Department recommended Shaver be placed on probation with orders to complete the Tehama County Adult Felon Drug Court program as a condition of his probation.

At the sentencing hearing, the court admitted, without objection, exhibits offered by the prosecution, including a certified "RAP sheet" for Shaver, and certified records of Shaver's prior convictions. At the hearing, the trial court denied Shaver's motion to dismiss the prior strike conviction, finding Shaver's "multiple felony convictions have shown that he has not stopped his criminal conduct; and although the first step may be his desire and he may be completely sincere with that, the Court has to see something before I can do anything about that. And at this point, I have not." Shaver thus argued for the low term, relying on his long-term substance abuse, which began when he was 14 years old, and the trauma of losing a sibling at a young age.

The trial court was not persuaded by Shaver's argument: "The Court has reviewed the probation report, heard from counsel and reviewed the records also submitted by the People, and the Court notes that pursuant to [section] 1203[, subdivision] (e)(4) [Shaver] is ineligible, except in an unusual case, to be placed on probation.

"Probation is not appropriate in this case. He has numerous prior felonies as well as violations of parole and PRCS. [Shaver's] record is such that the aggravating factors do outweigh those in mitigation, and [the court] will find that the aggravating factors do outweigh those . . . ." Accordingly, the trial court sentenced Shaver to the upper term of three years (doubled for the prior strike) on count I. On count II, the court imposed one-third the middle term (eight months), doubled for the prior strike offense, and ordered the term to be served consecutive to the term on count I. The court imposed a concurrent term of three years (doubled for the prior strike) on count III, but ordered that term stayed pursuant to section 654.

3

No objections were made, Shaver waived the breakdown of fines and fees, and the trial court awarded Shaver 120 days of custody credit. Shaver appealed without a certificate of probable cause.

## DISCUSSION

On appeal, Shaver argues the trial court abused its discretion by selecting the upper term in counts I and III, and by relying on the same aggravating factors in imposing both a consecutive sentence, and to impose the upper term. We disagree.

### A. *Dual Use Prohibition*

As an initial matter, Shaver claims the court improperly relied on the same two aggravating factors to impose both a consecutive term and to impose the upper term: Shaver's numerous prior felonies (Cal. Rules of Court, rule 4.421(b)(2)), and his poor performance on parole and PRCS (Cal. Rules of Court, rule 4.421(b)(5)). Shaver contends the court could only rely on one of these aggravating factors to impose a consecutive term and the other to impose the upper term. This claim is forfeited by Shaver's failure to raise it below. (*People v. Scott* (1994) 9 Cal.4th 331, 353.)

### B. *Abuse of Discretion*

Shaver relies on language in section 1170, subdivision (b) and case law, in arguing that the trial court abused its discretion when sentencing him to the upper term. Notably, Section 1170, subdivision (b) was amended in 2022 (Stats. 2021, ch. 731, § 1.3) and provides: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." (§ 1170, subd. (b)(1).) Subdivision (b)(2) provides: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court

4

trial. . . ." Shaver's challenge to the trial court's sentence in this case is not with the latter part of subdivision (b)(2), but with whether the circumstances in this case justified the imposition of a sentence exceeding the middle term.

We review the trial court's sentencing decision for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) " 'In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " [Citations.] Second, a " 'decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Strother* (2021) 72 Cal.App.5th 563, 571, quoting *People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

At oral argument, Shaver relied on *People v Falcon* (2023) 92 Cal.App.5th 911, review granted September 13, 2023, S281242, disapproved in part in *People v Lynch* (2024) 16 Cal.5th 730, in arguing that a trial court may not merely select an upper term simply because it seems warranted and supported by aggravating circumstances, but rather because section 1170, subdivision (b)(2) now "creates an express presumption against the imposition of an upper term sentence" (*Falcon*, at p. 921), the aggravating factors must overcome this presumption in order to permit the trial court to select the upper term. As *Falcon* stated: "The presumption bears weight in this determination."

5

(*Ibid.*)  A holding, Shaver contends, that was recently reiterated in our Supreme Court's decision in *People v. Lynch, supra*, 16 Cal.5th 730.[2]

Here the trial court imposed the upper term based on Shaver's poor performance on parole and PRCS, as well as his numerous prior felonies.  The trial court noted it considered counsel's arguments, including defense arguments regarding his childhood and drug addiction as mitigating factors.  The court weighed these circumstances and, on balance, determined those in aggravation were weightier; the court selected the upper term accordingly.  We may not substitute our judgment on how the circumstances should be weighed for that of the trial court.  (See *People v. Strother, supra*, 72 Cal.App.5th at p. 571.)  As a result, Shaver has not met his burden of showing the trial court acted in an arbitrary or irrational manner.  We thus conclude the trial court acted within its discretion in imposing the upper term.

C.      *Clerical Error*

Shaver further contends the abstract of judgment must be corrected to reflect the judgment of the court.  Specifically, Shaver notes the abstract does not correctly reflect that the sentence on count III was imposed concurrently and stayed under section 654.  The People agree.  Having reviewed the record on appeal, we also agree and shall order the abstract of judgment corrected.  (See *People v. Jones* (2012) 54 Cal.4th 1, 89.)

---

[2]      *Lynch* largely dealt with the appropriate test for assessing prejudice in these types of sentencing errors.  (*People v. Lynch, supra*, 16 Cal.5th at p. 755.)  Because we do not find error, we find *Lynch* largely inapplicable to the issue before us.

6

**DISPOSITION**

The judgment is affirmed.  The clerk of the trial court is directed to prepare a corrected abstract of judgment stating the sentence on count III is concurrent to the sentence imposed on counts I and II and stayed pursuant to section 654 and forward a certified copy to the Department of Corrections and Rehabilitation.

                                        _____/s/_____
                                          EARL, P. J.

We concur:


_____/s/_____
HULL, J.


_____/s/_____
WISEMAN, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.