Filed 1/28/25   P. v. Ramirez CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>DANIEL RAMIREZ,<br><br>　　Defendant and Appellant. | B334433<br><br>Los Angeles County<br>Super. Ct. No. KA102395 |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge. Affirmed.

G. Martin Velez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

Because the issue presented in this appeal is narrow and straightforward, and because we are not publishing this opinion, we resolve this case by memorandum opinion. (See Cal. Stds. Jud. Admin., § 8.1.) We reject defendant and appellant Daniel Josue Ramirez's argument that the trial court abused its discretion by not reducing his sentence.[1]

## BACKGROUND

In 2015, a jury convicted Ramirez of second degree murder (Pen. Code,[2] § 187, subd. (a)), found a gang allegation true (§ 186.22, subd. (b)(1)), and found various firearm use allegations true, including that Ramirez personally used a handgun in the commission of the murder, causing great bodily injury and death to the victim. (§ 12022.53, subd. (d).) The trial court sentenced Ramirez to 40 years to life in state prison, consisting of 15 years to life on the murder count, plus a 25-years-to-life firearm enhancement. (§ 12022.53, subd. (d).)[3]

On direct appeal, a different panel of this court remanded the matter for a *Franklin* hearing,[4] and for the trial court to exercise its newfound discretion under section 12022.53,

---

[1]    Ramirez's counsel raised this argument in the opening brief but did not file a reply brief.

[2]    All undesignated statutory references are to the Penal Code.

[3]    The court struck the gang enhancement.

[4]    *People v. Franklin* (2016) 63 Cal.4th 261.

subdivision (h) whether to strike the firearm enhancement.[5] We affirmed the judgment in all other respects.

In 2023, after holding a hearing as directed by this court, the trial court declined to strike or reduce the firearm enhancement, then addressed *Franklin* proceedings that have no bearing on this appeal. Ramirez timely appealed the trial court's decision not to strike or reduce the firearm enhancement.

## DISCUSSION

When Ramirez was first sentenced, section 12022.53, subdivision (h) provided: "Notwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section." However, Senate Bill No. 620 (effective January 1, 2018) amended section 12022.53, subdivision (h) to delete the prohibition on striking a section 12022.53 enhancement. As amended, section 12022.53, subdivision (h) now provides: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." In addition to having the option to strike the enhancement, the trial court may alternatively "impose a lesser uncharged statutory enhancement instead." (*People v. Tirado* (2022) 12 Cal.5th 688, 692.) Ramirez's sole contention on appeal is the trial court abused its discretion by not dismissing or reducing the firearm

---

5    This court's 2018 opinion resolving Ramirez's direct appeal (case no. B270205) is contained in the record for Ramirez's current appeal.

enhancement in the interest of justice under section 12022.53, subdivision (h). We are unpersuaded.

"[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) Applying that deferential standard here, we conclude the trial court acted within its discretion when it declined to dismiss or reduce the firearm enhancement.

The main bases for Ramirez's argument that his sentence should have been reduced are that he was 17 when he committed the murder and that he suffered from attention deficit hyperactivity disorder (ADHD). But, as Ramirez concedes on appeal, he raised those arguments in the trial court. He also argued in the trial court that his sentence should be reduced based on issues relating to intoxication, immaturity, lack of impulse control, and inability to appreciate the risk of his actions. And he contended he has made efforts toward rehabilitation while incarcerated.

After hearing these arguments, the trial court elected not to strike or reduce Ramirez's enhancement. The court concluded that, despite Ramirez's youth and ADHD, any reduction in sentence would not serve the interest of justice. The court noted Ramirez acknowledged he shot the victim with a .38 caliber revolver, referring to the victim as a "duck," which is a derogatory term for a rival gang member.[6] The court expressed its view that, because Ramirez urinated on his hands to try to remove gunshot residue, and made efforts to dispose of the clothes he wore when committing the murder, he did not demonstrate "impetuous

---

6      The evidence at trial showed Ramirez killed the victim by shooting him in the back of the head with a single gunshot.

behavior, but rather well thought-out behavior in regards to attempting to cover up his tracks." In other words, the trial court concluded that, because Ramirez's actions demonstrated he posed a danger to society, it would not serve the interest of justice to reduce his sentence. In further support of this conclusion, the court noted that after the murder, when Iris Alvarado (a friend of Ramirez and the victim) sent Ramirez a Facebook message confronting him for having committed the murder, Ramirez responded with a message threatening to kill Alvarado.

Having reviewed the trial court's reasons for declining to reduce Ramirez's sentence, we conclude the court's ruling was not arbitrary or irrational, but rather a reasonable exercise of its sentencing discretion. (See *Carmony*, *supra*, 33 Cal.4th at p. 377.) We therefore reject Ramirez's argument that the trial court abused its discretion.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

COLLINS, J.

ZUKIN, J.