Filed 6/26/14  P. v. Cunningham CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048705 |
| v. | (Super. Ct. No. 12HF3507) |
| RYAN TYLER CUNNINGHAM, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Gideon Margolis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

After a jury convicted defendant Ryan Tyler Cunningham of felony possession of a controlled substance, the trial court found true the allegations Cunningham suffered a previous serious and violent felony ("strike") conviction and had served one prior prison term. (Pen. Code, §§ 667, subds. (d) and (e)(1); 1170.12, subds. (b) & (c)(1); 667.5, subd. (b).)[1]  On appeal, Cunningham argues the trial court abused its discretion in denying his motion to dismiss the prior "strike" pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). We find no abuse of discretion.  Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Cunningham of possessing a usable quantity (approximately one half gram) of heroin, which police found hidden inside a bedpost in Cunningham's bedroom during a search of his home.  Cunningham waived his right to a jury trial on the priors alleged against him, and the trial court found true the allegations he had a prior strike conviction in 2009 for first degree burglary (§§ 459, 460, subd. (a)), and a prison term prior.  The trial court denied Cunningham's motion to dismiss the prior strike, but struck the prison prior for sentencing purposes.  The trial court sentenced Cunningham to 32 months (the low term of 16 months, doubled for the strike prior) in prison.

DISCUSSION

Cunningham contends the trial court abused its discretion when it refused to dismiss the prior conviction allegation.  We disagree.

1. *Applicable Legal Principles*

"Under section 1385, subdivision (a), a 'judge . . . may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed.'  'In *Romero*, [*supra*, 13 Cal.4th 497,] [the

---

[1]     All further statutory references are to the Penal Code.

Supreme Court] held that a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, "in furtherance of justice" pursuant to . . . section 1385[, subdivision] (a).' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 373 (*Carmony*).)

Case law carefully circumscribes a sentencing court's ability to dismiss a prior conviction allegation. In *Carmony*, *supra*, 33 Cal.4th 367, the high court explained "'the Three Strikes law . . . establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclude[es] that an *exception* to the [Three Strike] scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell *outside* the Three Strikes scheme.'" [Citation.]" (*Id.* at p. 377, italics added.) The high court explained it had "established stringent standards that sentencing courts must follow in order to find such an exception." (*Ibid.*)

Specifically, "'the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.'" (*Carmony, supra*, 33 Cal.4th at p. 377.)

The trial court's decision to dismiss a prior strike (or not), based on the enumerated criteria, is reviewed under the deferential abuse of discretion standard. (*Carmony, supra*, 33 Cal.4th at p. 377.) In that review "we are guided by two fundamental precepts. First, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] . . . Second, a "'decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its

3

judgment for the judgment of the trial judge.'"" [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its discretion is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at pp. 376-377.)

*2. Analysis*

The trial court here performed the careful, particularized analysis required for determining whether to dismiss Cunningham's prior strike. Moreover, the trial court's decision not to dismiss the prior strike was neither "irrational" nor "arbitrary." (*Carmony, supra*, 33 Cal.4th at p. 377.) To the contrary, the decision easily passes muster as a proper exercise of discretion.

The trial court observed the current offense was "not particularly serious," but the prior strike — residential burglary — was "extremely dangerous." The court noted the prior strike was "not an ancient prior" and sadly consistent with a long pattern of "dangerous" criminal conduct by Cunningham, rather than an "aberration" as defense counsel contended. In that regard, the trial court observed Cunningham's "criminal history is just massive. There's just no other word for it." The Attorney General's brief points to Cunningham's "26 documented run-ins with the law," including six sustained juvenile petitions, 11 misdemeanor convictions, and two felony convictions. The trial court aptly stated Cunningham presents "the sort of [defendant] that the [Three Strikes] law was passed to deal with."

The court observed that "most of . . . Cunningham's prior convictions are not for offenses that are serious in and of themselves, but they are dangerous." As examples of the dangerous nature of Cunningham's crimes, the trial court pointed to a domestic violence misdemeanor that involved "a threat to kill," as well as numerous arrests for disturbing the peace, which involved "screaming profanities at people or racial slurs. These are not in and of themselves violent but they are dangerous."

As for a consideration of defendant's "background, character and prospects" (*Carmony*, *supra*, 33 Cal.4th at p. 377), the trial court stated it had read

4

Cunningham's social history and was "not without sympathy for this defendant who certainly has had a very difficult life." Nevertheless, the trial court declined to exercise its discretion to strike the prior and sentence Cunningham to probation rather than prison time. The trial court stated it had no confidence Cunningham could remain sober outside of prison, given his long history of substance abuse.

Cunningham faults the trial court's analysis for failing to give "proper consideration" to his "medical condition" and "medical circumstances," specifically, his "severe" addiction to alcohol and drugs, and his chronic pain from a vicious attack in 2010 that put him in a two-month coma and left him still unable to walk without a cane. Cunningham argues these "medical circumstances . . . presented 'extraordinary' circumstances such that [he], a convicted criminal, can be deemed to fall outside the spirit [of] the Three Strikes law. ([*Carmony*], *supra*, 33 Cal.4th at p. 378." He further contends his addiction should be a mitigating factor and the trial court abused its discretion in failing to see it as such.

Contrary to Cunningham's assertion, the trial court did consider his "medical circumstances," but simply reached a different conclusion than Cunningham as to their import. The trial court agreed with the defense contention Cunningham's alcoholism was a major factor in causing his "dangerous" criminal behavior. The trial court did not agree, however, Cunningham's substance abuse *mitigated* his criminal past. Instead, the trial court viewed Cunningham's problem with addiction as an aggravating factor that, in combination with his extensive criminal history, made him a danger to the public. (See *People v. Reyes* (1987) 195 Cal.App.3d 957, 963.) We find no abuse of discretion in that conclusion or in the trial court's related refusal to dismiss Cunningham's strike prior.

## DISPOSITION

The judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


ARONSON, J.