Filed 1/4/21  P. v. Fuller CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLIE LOUIS FULLER,<br><br>    Defendant and Appellant. | 2d Crim. No. B299283<br>(Super. Ct. No. 2018039735)<br>(Ventura County) |

Charlie Louis Fuller appeals after a jury convicted him on four counts:  (1) infliction of corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a))[1], with special allegations that he inflicted great bodily injury (§ 12022.7, subd. (e)) and personally used a deadly weapon, a machete (§ 12022, subd. (b)(1)); (2) assault with a deadly weapon (§ 245, subd. (a)(1)), with a great bodily injury allegation (§ 12022.7, subd. (e)); (3) battery with serious bodily injury (§ 243, subd. (d)), with personal use of a

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

machete (§ 12022, subd. (b)(1)), and great bodily injury (§ 1192.7, subds. (c)(8) & (32)); and (4) misdemeanor battery (§ 243, subd. (e)(1)). The jury found true the allegation that Fuller was previously convicted of voluntary manslaughter (§ 192, subd. (a)) within the meaning of section 667, subdivisions (a)(1) and (c). In a separate proceeding, the jury found his prior conviction allegation to be true. The trial court denied appellant's request for a mental health diversion under section 1001.36.

Appellant received 13 years in state prison. On count 1, the court imposed the low term of two years, doubled to four years, plus a consecutive three-year term for the great bodily injury enhancement, and a one-year deadly weapon enhancement, for a total of eight years as the principal term. The court imposed a consecutive five-year term for the prior conviction to bring count 1's aggregate term to 13 years. It imposed and stayed counts 2 and 3. On count 4 the court sentenced appellant to 120 days in custody, to be served concurrently with the felony sentence.

The trial court also imposed: (1) a $1,050 restitution fine (§ 1202.4, subd. (b)); (2) a $1,050 parole revocation fine, stayed pending completion of parole (§ 1202.45); (3) a $160 court operations assessment (§1465.8); and (4) a $120 conviction assessment (Gov. Code, § 70373). It granted defense counsel's request to strike the restitution fine pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157. This appeal followed.

We conditionally reverse the judgment and remand with instructions to: (1) hear appellant's request for a mental health diversion under section 1001.36; and (2) correct the abstract of judgment as indicated if the trial court decides to reinstate his convictions.

## STATEMENT OF FACTS

Appellant briefly dated victim L.D. in 2018. She continued to drive his white Ford Explorer after their relationship ended. Appellant noticed accident damage when she returned the vehicle following one use. He later received a hit-and-run citation revealing L.D. had backed into another car at a gas station and fled the scene. Appellant demanded L.D. pay for the damage but she refused.

Appellant's anger over the incident escalated into physical violence. Armed with a knife appellant tried to enter L.D.'s van in May of 2018; he was repelled by pepper spray shot by L.D.'s new boyfriend, R.G. Appellant and R.G. came to blows in a discount store parking lot the next month when appellant insisted on speaking with L.D. He confronted her again outside a Vons on September 10 and grabbed her repeatedly by the arm, shirt, and hair to restrain her from leaving. She later reported to police that he was following her in his car. She requested a restraining order against appellant following the September 10 incidents.

The violence continued on September 23, 2018 in the parking lot of Ventura's Mission Park. L.D. saw a friend and offered to get him a soda from a cooler in her van. She walked to the van, opened the door, and crawled inside toward the cooler. When she turned around, appellant stood at the door with a machete. She grabbed for a nearby golf club and tried to deflect appellant's blows as he began swinging the blade at her. Appellant fled when another friend of L.D.'s noticed the van shaking back and forth and rushed to help her.

The attack left L.D. with approximately seven cuts on her legs. The largest measured between six and eight centimeters and went deep enough to expose subcutaneous fat. She went to a

hospital where doctors closed the wound with 17 sutures. Officers at Mission Park interviewed the two friends who witnessed the attack. L.D. asked a police officer at the hospital to obtain another restraining order against appellant, which he did.

## DISCUSSION

### 1. *The Trial Court Properly Admitted Evidence of Appellant's Prior Acts of Violence Against the Victim*

The prosecution introduced evidence of the uncharged "pepper spray" incident and appellant's fight with R.G. outside the discount store to show both motive for, and a plan to commit, the September 23 machete attack. Appellant contends the trial court abused its discretion by admitting evidence of the prior acts because the jury may have based its guilty verdict on these acts rather than the charged crimes. We disagree.

Evidence Code section 1101 prohibits the court from admitting evidence of a defendant's prior uncharged misconduct to show he committed the current offense. The court may allow such evidence to show, however, the defendant's plan or state of mind, such as motive, knowledge, or intent. (§ 1101, subds. (a), (b).) Evidence admissible to prove intent need only support the inference that defendant probably possessed the same intent in each instance. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 401-402, superseded by statute on other grounds as stated in *People v. Britt* (2002) 104 Cal.App.4th 500, 505; *People v. Hendrix* (2013) 214 Cal.App.4th 216, 238.) A greater degree of similarity must exist when prosecutors seek to prove a common design or plan. (*Ewoldt* at p. 402.)

The prior acts introduced below were similar enough to the charged offense to satisfy the admissibility requirements for both intent and common plan under section 1001. Both attacks occurred in a relatively short period before the September 23

4

attack.  Both involved appellant angrily attempting to confront the same victim and provoking forceful intervention by R.G.  He used a similar weapon during the pepper spray incident, a kitchen knife, and likewise tried to trap L.D. in her van so he could more easily stab or hack at her.

The probative value of the two prior incidents substantially outweighed any prejudice that may have resulted from their admission.  (Evid. Code, § 352.)  They showed appellant targeted L.D., and more importantly, placed appellant's bizarre and seemingly spontaneous attack into the proper context, i.e., a volatile relationship in which appellant did not hesitate to violently retaliate against L.D. for her wrongdoings.  It also helped explain why she carried the golf club used to deflect appellant's blows on September 23.

Lastly, the jury received an instruction to consider the evidence solely for the purpose of determining whether appellant committed the charged crimes and had a common plan or scheme to do so.  We presume the jury followed the court's instruction. (*People v. Turner* (1994) 8 Cal.4th 137, 190.)

The trial court did not err.

### 2. *The Trial Court Properly Denied Appellant's Motion to Strike His Prior Conviction for Voluntary Manslaughter*

In 1998, appellant walked into the home of an acquaintance, accused him of spreading lies, then punched him the face.  Appellant stabbed the man in the chest with a kitchen knife four to five times in the scuffle that followed.  The man died.  Appellant later pleaded guilty to voluntary manslaughter and served 12 years in prison.  At trial, defense counsel moved to strike this conviction in the interests of justice pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  Appellant

5

argues the court abused its discretion when it denied that motion.

We review *Romero* rulings for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) Two precepts guide us. "First, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."' [Citations.] Second, a "'decision will not be reversed merely because reasonable people might disagree. . . .'" [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at pp. 376-377.)

We consider the age of appellant's prior conviction the only factor favoring his *Romero* motion. The 19 years separating these crimes does not, however, erase their similarity. In both, appellant ended personal quarrels by angrily confronting his victims and attacking them with blades. Only the presence of a golf club and a vigilant bystander saved L.D. from the prior victim's fate. We conclude the trial court did not act irrationally or arbitrarily when it denied the motion. The similarity of the prior acts was well grounded in the evidence.

### 3. *The Trial Court Must Conduct a Mental Health Diversion Hearing*

Defense counsel told the court shortly before verdict that he intended to request a mental health diversion at sentencing if appellant were convicted. The court responded "Okay. Well, let's see where we go from here. All right." At sentencing, defense

6

counsel formally requested the diversion and cited the probation report's passages about appellant's schizophrenia diagnosis, his current symptoms, and his regimen of psychotropic medication. The People claimed appellant forfeited the issue by failing to plead guilty by reason of insanity or by raising it before the court impaneled the jury. The trial court agreed "the horse [was] out of the barn" because the trial had concluded and resulted in appellant's conviction on all four counts. It denied the request.

Appellant's horse had not in fact left the barn. A court may postpone prosecution "at any point in the judicial process from the point at which the accused is charged until adjudication" so a defendant can "undergo mental health treatment." (§ 1001.36, subd. (c).) The People now agree defense counsel timely requested diversion. We conditionally reverse judgment and remand for a diversion hearing pursuant to section 1001.36.

### 4. *The Trial Court Must Correct the Abstract of Judgment If It Denies Appellant's Request for a Mental Health Diversion on Remand*

The abstract of judgment assesses three fines against appellant: (1) a parole revocation fee, stayed pending completion of parole; (2) a court operations fee; and (3) a criminal conviction fee. Appellant and the People agree these fines should not be assessed under *People v. Dueñas*, *supra*, 30 Cal.App.5th 1157. The trial court should strike all three from the abstract.

The abstract also reflects a deadly weapons enhancement on Count 2. The information did not charge this enhancement. Appellant and the People likewise agree the court should amend the abstract to delete it.

### DISPOSITION

The judgment is conditionally reversed. The cause is remanded to the trial court with directions to conduct a diversion

7

eligibility hearing pursuant to section 1001.36. If the trial court determines appellant qualifies for diversion, it may grant diversion. We express no opinion on that determination.

If the trial court grants diversion and appellant successfully completes diversion, then the trial court shall dismiss the charges. If it does not grant diversion, or appellant does not successfully complete diversion, then his convictions shall be reinstated.

If appellant's convictions are reinstated, the trial court shall resentence defendant, considering whether to exercise its discretion pursuant to sections 667, subdivision (a) and 1385, subdivision (b). Again, we express no opinion with respect to that decision.

Lastly, if appellant's convictions are reinstated, the trial court shall correct the abstract of judgment by: (1) striking the parole revocation fee, court operations fee, and criminal conviction fee pursuant to *People v. Dueñas*; and (2) deleting the weapons enhancement from Count 2.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.

TANGEMAN, J.

8

Rocky J. Baio, Judge
Superior Court County of Ventura
_____

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.