Filed 5/28/21  P. v. Avalos CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANGEL R. AVALOS,<br><br>Defendant and Appellant. | F079734<br><br>(Super. Ct. No. F13900807)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Judge.

Nicholas James Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and John Merritt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Angel R. Avalos is currently serving a 25-year prison sentence.  Ten years of that sentence is due to a firearm enhancement.  After the Legislature enacted Senate Bill No. 620 (2017-2018 Reg. Sess., stats. 2017, ch. 682) (SB 620), the Secretary of the

California Department of Corrections and Rehabilitation (CDCR) recommended the trial court recall Avalos's sentence and resentence him in light of its newly conferred discretion to strike firearm enhancements. The trial court declined the recommendation and Avalos now appeals that decision. We affirm.

**BACKGROUND**

Avalos pled no contest to robbery (Pen. Code,[1] § 211), active participation in a gang (§ 186.22, subd. (a)), and illegal possession of a firearm (§ 29800, subd. (a)). He also admitted gang-related crime and firearm enhancements. (§§ 186.22, subd. (b) & 12022.53, subd. (b)). He was sentenced to serve 25 years in prison. Ten years of that sentence was due to the firearm enhancement.

At the time of the plea, trial courts had no discretion to strike firearm enhancements. Several years after the plea, the Legislature enacted SB 620 to confer upon trial courts discretion to strike firearm enhancements. On this basis, the CDCR Secretary recommended the trial court recall Avalos's sentence.

The Secretary's recommendation included a "cumulative case summary and evaluation report pursuant to the provisions of Penal Code section 1170(d)." The summary "present[ed] case factors that are applicable pursuant to the recommendation …." These factors detailed Avalos's "institutional adjustment," "self help activities," and "support."

The court subsequently declined to recall the sentence. In a letter written to the Secretary, the court explained it "read and considered the [recommendation] and the attachments thereto. [It found], based on the facts presented regarding both the defendant and the offense at the time of sentencing, the court, if it had discretion to strike the allegation pursuant to P.C. 12022.53(b), would **not** have exercised such discretion to strike or stay the punishment for the firearm enhancement."

---

[1] All statutory references are to the Penal Code.

2.

## DISCUSSION

Section 1170, subdivision (d), permits a trial court to "recall the sentence and commitment previously ordered and resentence the defendant" "at any time upon the recommendation of the secretary …." "The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice." (*Ibid.*)

On appeal, Avalos complains the trial "court erred in limiting the sentencing factors to those it would have considered at the time of the original sentencing." In other words, it failed to consider postconviction factors as outlined in section 1170, subdivision (d). We disagree.

At the outset, we find the applicable standard of review is abuse of discretion. (See *People v. Carmony* (2004) 33 Cal.4th 367, 374-375 [concluding trial court's decision *not* to exercise sentencing choice *is* reviewable for abuse of discretion].) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citation.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion

3.

unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at pp. 376-377.)

Avalos has failed to demonstrate a clear abuse of discretion. In declining to recall the sentence, the trial court stated it had considered the "attachments" to the Secretary's recommendation. The only attachment to the recommendation was the case summary described above, including its description of Avalos's postconviction rehabilitative efforts.

The court then stated it considered "the facts presented regarding both the defendant and the offense at the time of sentencing …." Although this statement is arguably ambiguous,[2] it is reasonably interpreted to mean the court considered *all* facts— pre- and postconviction—regarding Avalos, and the facts underlying the convictions, prior to declining to recall the sentence. For these reasons, we conclude the trial court's decision was not arbitrary or irrational and it did not abuse its discretion.

## DISPOSITION

The judgment is affirmed.


                                                                    SNAUFFER, J.
WE CONCUR:


LEVY, Acting P.J.


POOCHIGIAN, J.

---

[2] In the same sentence, the court concluded the original sentencing court would not have exercised its discretion to strike the firearm enhancement. We do not read any error into this conclusion because the judge that pronounced judgment is the same judge that declined to recall the sentence.