Filed 6/3/21  P. v. Sams CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>VANCE EUGENE SAMS, JR.,<br><br>Defendant and Appellant. | F080738<br><br>(Super. Ct. No. F14906439)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Timothy A. Kams, Judge.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Hill, P.J., Levy, J. and Detjen, J.

# INTRODUCTION

This is the second appeal filed by defendant Vance Eugene Sams, Jr., after a jury found him guilty of second degree murder (Pen Code,[1] § 187, subd. (a)) and found that he personally and intentionally discharged a firearm in the commission of the offense (§ 12022.53, subd. (d)). For the offense of murder, defendant was sentenced to a term of 15 years to life, with a consecutive term of 25 years to life for the firearm enhancement.

In his first appeal, we affirmed the judgment but remanded for the trial court to make corrections to the abstract of judgment and to consider whether to exercise its newly afforded discretion to strike or dismiss the firearm enhancement (§ 12022.53, subd. (h)) under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, § 2). (*People v. Sams* (June 26, 2019, F074751) [nonpub. opn.] (*Sams*).)[2] On remand, the trial court declined to strike the firearm enhancement.

In this second appeal, defendant asserts the trial court was unaware it possessed discretion to replace the firearm enhancement imposed pursuant to section 12022.53, subdivision (d) with an uncharged firearm enhancement under section 12022.53, subdivisions (b) or (c), both of which carry lesser sentences. Defendant contends remand is therefore necessary for the court to exercise its discretion as to whether to impose a different firearm enhancement.

In *People v. Tirado* (2019) 38 Cal.App.5th 637, review granted November 13, 2019, S257658 (*Tirado*), this court rejected a similar argument and concluded section 12022.53, subdivision (h) does not permit a court to impose a lesser firearm enhancement that was not charged or found true by the jury. We will follow *Tirado* and affirm the judgment.

---

**1** Undesignated statutory references are to the Penal Code.

**2** We grant defendant's "Request to Take Judicial Notice" (boldface & some capitalization omitted) filed May 21, 2020, and take judicial notice of our nonpublished opinion in *Sams*, *supra*, F074751. (Evid. Code, §§ 452, subd. (a), 459, subd. (a).)

**BACKGROUND**

On July 4, 2014, defendant fatally shot Raymond Fisher outside Fisher's former father-in-law's residence. At the time, defendant was in a dating relationship with Fisher's ex-wife. (*Sams*, *supra*, F074751.)

On October 21, 2016, a jury found defendant guilty of second degree murder (§ 187, subd. (a)) and found true the allegation that he personally and intentionally discharged a firearm in the commission of the offense (§ 12022.53, subd. (d)).

On November 22, 2016, the trial court sentenced defendant to a term of 15 years to life for second degree murder, with a consecutive term of 25 years to life for the firearm enhancement, for an aggregate sentence of 40 years to life.

Defendant appealed and, on June 26, 2019, this court issued its opinion in defendant's direct appeal. (*Sams*, *supra*, F074751.) Therein, we affirmed the judgment, but remanded for the trial court to exercise its discretion to consider striking the firearm enhancement pursuant to section 12022.53, subdivision (h). We also ordered corrections to the abstract of judgment and the issuance of an amended abstract reflecting those corrections and the result of resentencing, if applicable. (*Sams*, *supra*, F074751.)

Pending remand, defendant filed in the trial court a series of documents in propria persona, only some of which related to resentencing.

On January 13, 2020, defense counsel filed an "Invitation to Strike Penal Code Section 12022.53 Gun Enhancement." (Some capitalization omitted.) Therein, defense counsel requested that the firearm enhancement be stricken, but did not suggest a lesser firearm enhancement could be imposed under section 12022.53, subdivisions (b) or (c).

The matter was heard on January 16, 2020, and, following the presentation of argument and evidence, the court denied the request to strike the firearm enhancement as follows:

> "It is clear to me that the court is obligated to consider all attendant circumstances of this case. [Defendant] is deserving of that consideration.

The court notes that [defendant] has done some positive things in prison, and I encourage you to continue those endeavors. The [A]ttorney [G]eneral previously, now the People today, have argued that there are no mitigating circumstances pertaining to this case. What truly stands out to the court and what guides the court is that this occurred in broad daylight, in a residential neighborhood, and for no discernible good reason. Based on those facts primarily, and the in fact that there, in this court's view, no mitigating circumstances, the court respectfully denies the defendant's invitation to strike the gun enhancement."

On January 22, 2020, the court filed an abstract of judgment that reimposed the original aggregate term of 40 years to life.

This timely appeal followed.

## DISCUSSION

Section 12022.53 sets out three separate sentencing enhancements for the personal use of a firearm in the commission of certain enumerated felony offenses: subdivision (b) provides for a 10-year enhancement for the personal use of a firearm; subdivision (c) provides for a 20-year enhancement for the personal and intentional discharge of a firearm; and subdivision (d) provides for a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death. (*Tirado*, *supra*, 38 Cal.App.5th at p. 642, review granted.) Prior to January 1, 2018, section 12022.53, subdivision (h) prohibited trial courts from striking section 12022.53 enhancements. (*Tirado*, at p. 642.) However, Senate Bill No. 620 (2017-2018 Reg. Sess.) amended this subsection, effective January 1, 2018, to give trial courts discretion to " 'strike or dismiss' " firearm enhancements imposed pursuant to section 12022.53 " 'in the interest of justice pursuant to [s]ection 1385.' " (*Tirado*, at p. 642.)

A court's decision whether to strike or dismiss an enhancement pursuant to section 1385 is reviewed for abuse of discretion. (*Tirado*, *supra*, 38 Cal.App.5th at p. 642, review granted; see *People v. Carmony* (2004) 33 Cal.4th 367, 378.) " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary

4.

powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Thus, " 'an abuse of discretion occurs where the trial court was not "aware of its discretion" to dismiss.' " (*Tirado*, at p. 642.)

Here, defendant asserts the trial court was unaware that section 12022.53, subdivision (h) afforded it discretion to impose a lesser enhancement under section 12022.53, subdivisions (b) or (c) in lieu of the term imposed under subdivision (d). Accordingly, he requests a remand for the court to exercise such authority. However, in *Tirado*, this court concluded that "[n]othing in the plain language of sections 1385 and 12022.53, subdivision (h) authorizes a trial court to substitute one enhancement for another." (*Tirado*, *supra*, 38 Cal.App.5th at p. 643, review granted.) We noted the language of sections 12022.53, subdivision (h) and 1385 "indicates the court's power pursuant to these sections is binary: The court can choose to dismiss a charge or enhancement in the interest of justice, or it can choose to take no action. There is nothing in either statute that conveys the power to change, modify, or substitute a charge or enhancement." (*Tirado*, at p. 643.) We acknowledged the court would have the discretion to impose one of the other two enhancements or strike them as well had all three section 12022.53 enhancements been alleged and found true by the jury. (*Tirado*, at p. 644.) "However, because the People exercised their charging discretion to allege only one enhancement, the trial court was limited to either imposing or striking that enhancement." (*Ibid*.)

Here, the People exercised their charging discretion to allege only an enhancement under section 12022.53, subdivision (d). The trial court was limited to either imposing or striking that enhancement. (*Tirado*, *supra*, 38 Cal.App.5th at p. 643, review granted.)

Nonetheless, defendant urges us to abandon *Tirado* for the reasoning of *People v. Morrison* (2019) 34 Cal.App.5th 217. We expressly disagreed with *Morrison* in *Tirado*.

5.

(*Tirado*, *supra*, 38 Cal.App.5th at p. 644, review granted.) Although we recognize review has been granted in *Tirado*, we see no reason to depart from our analysis and conclusion therein.

Accordingly, defendant is not entitled to remand because the trial court has no discretion to impose an enhancement under section 12022.53 that carries a lower sentence.

## **<u>DISPOSITION</u>**

The judgment is affirmed.