Filed 5/4/22  P. v. Rodriguez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CASEY BERNARD RODRIGUEZ,<br><br>Defendant and Appellant. | C093171<br><br>(Super. Ct. No.<br>MANCRFE20200003484) |

A jury found defendant Casey Bernard Rodriguez guilty of manufacturing butane honey oil.  In a subsequent bifurcated proceeding, the trial court found defendant's prior serious felony conviction for bank robbery true.  At sentencing, the trial court denied defendant's *Romero* motion to strike the prior conviction.  Defendant appeals, arguing the trial court abused its discretion in refusing to strike his prior conviction.  There was no error and we affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

On the evening of March 30, 2020, police officers were called to defendant's home, where he lived with his mother V.C. to investigate V.C.'s report that defendant had threatened her with a machete-style knife. During the search for the knife, one of the officers found what was later characterized as a butane honey oil lab in a cabinet in a detached garage. The officer also found a bag of marijuana shake that weighed 1,060 grams. Defendant admitted to the officer that he smoked marijuana and that he had watched YouTube videos about how to process butane honey oil. The expert testifying for the People opined 1,060 grams of marijuana "shake" would make 1,060 usable dosages of butane honey oil.

V.C. confirmed defendant had access to the detached garage and spent a lot of time there every day. The tape used around the arm of defendant's wheelchair also had a similar pattern as the tape found on one of the cylindrical tubes in the lab and a roll of tape found in the cabinet.

The People filed an amended information on June 30, 2020, charging defendant with one count of manufacturing butane honey oil (Health & Saf. Code, § 11379.6, subd. (a)), one count of criminal threats (Pen. Code, § 422, subd. (a); statutory section citations that follow are to the Penal Code), one count of elder abuse (§ 368, subd. (b)(1)), and one count of violating a court order (§ 273.6, subd. (a)). The amended information also alleged defendant had sustained a prior serious felony conviction for bank robbery in 1996. (§ 1170.12, subd. (b).)

On July 17, 2020, a jury found defendant guilty of manufacturing butane honey oil. (Health & Saf. Code, § 11379.6, subd. (a).) In a subsequent bifurcated proceeding on December 7, 2020, the trial court found defendant's prior serious felony conviction allegation to be true. (§ 1170.12, subd. (b).) The trial court sentenced defendant to six years in state prison, consisting of the low term of three years for the illegal

manufacturing count, doubled under section 1170.12, subdivision (c). Defendant timely appealed.

DISCUSSION

I

*The Romero Motion*

Defendant contends the trial court abused its discretion by refusing to strike his prior serious felony conviction.

A.    Facts

Prior to sentencing, defendant moved pursuant to section 1385 for the trial court to strike his prior conviction citing *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The motion contended defendant was outside the spirit of the three strikes law because the current offense is "de minimus" and, while he had sustained "some misdemeanor and non-violent and non-serious felonies" since his strike conviction in 1996, he was already 49 years old and had lost a leg.

At the sentencing hearing, defendant's counsel argued that defendant's prior strike conviction occurred over 24 years ago and the convictions he had sustained since then were "decreasing in severity." He further argued the lab here had no ongoing manufacturing, making it less dangerous than cases where the labs led to explosions that injured or killed people. Finally, defense counsel contended that, if the prior conviction was stricken, defendant could be eligible for probation or a suspended sentence, allowing him access to a quality prosthetic leg outside of custody. Defendant's ability to access a quality prosthetic leg, according to defense counsel, was "a big factor" in favor of striking the prior conviction.

In response, the People pointed out defendant sustained a conviction in 2012, almost immediately after he was released from his 16-year sentence for his prior strike.

3

Then, he sustained convictions in 2013, 2014, 2015, 2017, and 2018, including two felonies involving guns.

The court then asked defendant about his prosthetic leg. Defendant responded he was uncertain when or if he could get a prosthetic leg and he did not believe he would get any physical therapy if he were to remain in custody. But he also stated he had been allowed two outside doctor's appointments for his leg while in jail for his current offense.

Having considered defendant's *Romero* motion and the parties' arguments, the trial court outlined in detail relevant authorities and factors it evaluated in determining whether to strike defendant's prior bank robbery conviction. The trial court first noted it must take into account all relevant factors and focusing on a single factor to the exclusion of all others "is err." These factors include the People's interest in fair prosecution of crimes properly alleged, the remoteness in time of the prior conviction and the length of time between the prior conviction and the current offense, defendant's conduct between the commission of the strike and the current crime, and whether the prior offenses involve violence or the use of a weapon. The trial court also noted striking a strike may be justified if the defendant's prior conviction arose from a single period of aberrant behavior for which he served a single prison term.

The trial court then evaluated defendant's prior bank robbery conviction, which involved violence and the use of a firearm. It also reviewed defendant's probation report and his subsequent convictions, finding the two convictions involving the possession of firearms "concerning." The court further noted defendant's domestic violence felony conviction in 2013 and parole violation in 2019. On the other hand, the trial court "considered strongly" the nature of defendant's current offense and found it was "nonserious and nonviolent."

With regard to defendant's background, character, and prospects, the trial court reviewed a letter from defendant's girlfriend about opportunities for defendant to study computers and/or landscaping when he gets out of custody. The trial court also

4

considered defendant's age and health, noting while defendant's health is not a mitigating factor, it wanted to allow defendant the opportunity to get his prosthetic leg.

Having considered these factors, the trial court denied defendant's *Romero* motion. The trial court admitted it had "thought about all sorts of ways [it] potentially could [get defendant] probation" "from the day the jury came back on this case." But "[t]he case and authority does not support it" and the trial court "has to follow the law."

B.       Analysis

A trial court may strike a prior serious felony conviction only if the defendant falls outside the spirit of the three strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161; *People v. Strong* (2001) 87 Cal.App.4th 328, 337-338.) In deciding whether to strike a prior conviction pursuant to section 1385, the trial court and the reviewing court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams,* at p. 161.)

We review a trial court's decision to strike a prior felony conviction for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).) In doing so, we are guided by two precepts. (*Id.* at p. 376.) First, the party attacking the sentence bears the burden to "clearly show that the sentencing decision was irrational or arbitrary." (*Ibid.*) Absent such a showing, the trial court is "presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." (*Id.* at pp. 376-377.) Second, "a ' "decision will not be reversed merely because reasonable people might disagree." ' " (*Id.* at p. 377.) Taken together, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid.*)

Moreover, because any sentence that conforms to the three strikes law is presumed to be rational and proper, a trial court only abuses its discretion in failing to strike a prior felony conviction allegation in limited circumstances. (*Carmony, supra*, 33 Cal.4th at p. 378.) For example, an abuse of discretion occurs where the trial court was not aware of its discretion to dismiss, where the court considered impermissible factors in declining to dismiss, or where the three strikes law, as a matter of law, produces arbitrary, capricious, or patently absurd result under the facts of a particular case. (*Ibid.*)

Here, before ruling on defendant's *Romero* motion, the trial court reviewed defendant's motion, his probation report, the letter from his girlfriend, and heard the parties' arguments. It also considered society's interest, the nature and circumstances of defendant's prior strike conviction as well as the nature and circumstances of his current offense, the remoteness of defendant's prior strike conviction, defendant's history of committing crimes, including crimes involving violence and the use of firearms, defendant's character, background, and prospects, defendant's age, and defendant's need to access a quality prosthetic leg and physical therapy following the amputation of his leg. After balancing these factors, the trial court denied the motion.

Defendant argues his prior strike conviction is merely "an episode of violent conduct as opposed to chronic behavior." But he also admits he "has not led a life free of crime" with a criminal record spanning 20 years. Indeed, defendant has sustained a criminal conviction almost every year since his release from custody from his bank robbery sentence in 2012. Among the convictions are two felonies involving firearms, felony domestic abuse, and a parole violation. This criminal record demonstrates defendant "had been taught, through the application of formal sanction, that [such] criminal conduct was unacceptable—but had failed or refused to learn his lesson," making him " 'an exemplar of the 'revolving door' career criminal to whom the Three Strikes law is addressed.' " (*Carmony, supra*, 33 Cal.4th at pp. 378-379; *People v. Williams*, *supra*, 17 Cal.4th at p. 163.)

Defendant further contends his substance abuse problem should be a mitigating factor.  But a trial court's failure to consider a defendant's substance abuse issue is only in error when the record affirmatively shows it did not consider it as a mitigating factor.  (*People v. Reid* (1982) 133 Cal.App.3d 354, 370.)  Moreover, "drug addiction is not necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment."  (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511.)  Indeed, if such a defendant's substance abuse problem is a substantial factor in the commission of crimes, a longer sentence should be imposed to protect the public from further crimes by the individual.  (*People v. Reyes* (1987) 195 Cal.App.3d 957, 963.)  In the instant case, the record does not affirmatively demonstrate the trial court refused to consider defendant's substance abuse problem as a mitigating factor.  Nor does anything in the record suggest defendant had taken steps to address his addiction.

To the extent defendant contends his age, physical disability, and the nonviolent nature of the current offense favor the striking of his prior conviction, the trial court considered these factors but properly concluded they did not support a deviation from the three strikes law.

It is plain the trial court was well aware of its discretion to strike the prior strike conviction, and we do not find the trial court considered any impermissible factor in reaching its decision.  Defendant fell squarely within the ambit of the three strikes law, and the trial court's decision against striking his prior conviction was well within its discretion.

DISPOSITION

The judgment is affirmed.

_____

HULL, J.

We concur:

_____

BLEASE, Acting P. J.

_____

RENNER, J.

8