Filed 7/19/22  P. v. Johnson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TERRENCE KAISER JOHNSON,<br><br>    Defendant and Appellant. | B317094<br><br>(Los Angeles County<br>Super. Ct. No. TA141155) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Allen J. Webster, Jr., Judge.  Affirmed.

Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

Terrence Kaiser Johnson appeals the judgment entered after a remand from this court for resentencing. We previously affirmed his convictions for two counts of forcible rape (Pen. Code[1], § 262, subd. (a)(2)) and one count of forcible oral copulation (§ 288a, subd. (c)(2)(A)) and the true findings on the multiple victim allegations (§ 667.61, subds. (b) & (e) (One Strike law)), the prior strike conviction allegations (§§ 667, subd. (d) & 1170.12, subd. (b) (Three Strikes law)), and the personal use of a deadly or dangerous weapon allegation (§12022, subd. (b)(1)). On remand, the trial court denied appellant's motion to strike his prior strike conviction and sentenced him to a total term of 80 years to life in prison, consisting of 25 years to life for the count 1 forcible rape conviction, pursuant to the One Strike law, doubled to 50 years pursuant to the Three Strikes law; a consecutive term of 15 years to life for the count 2 forcible rape conviction pursuant to the One Strike law, doubled to 30 years pursuant to the Three Strikes law; and a concurrent 4 year term for the forcible oral copulation conviction.

Appellant appeals, contending the trial court abused its discretion in denying his motion to strike. He also contends the trial court erred in refusing to award him pre-sentence conduct credit. We find no abuse of discretion and no error and affirm the judgment.

**BACKGROUND**

The facts of this case are set forth in more detail in our previous nonpublished opinion. (*People v. Johnson* (May 29, 2022, B296318) [nonpub. opn.].) We briefly summarize.

---

[1]     Undesignated statutory references are to the Penal Code.

In March 2015, while walking along Western Avenue, Catrice encountered appellant; she recognized him as someone she had previously met through a mutual acquaintance. They later met and went for a drive. Appellant parked his SUV in an industrial area and they smoked marijuana. Appellant kept trying to touch Catrice, but she pushed him away. Appellant pulled out a knife and told Catrice to pull down her pants. He then inserted his penis into her vagina. After he was done, appellant dropped Catrice off near the area where he had picked her up.

In January 2016, India met appellant when he pulled up next to her as she was walking along a street in Inglewood. At some later point, appellant texted India and they met and went for a drive. Appellant sold India some Ecstasy pills, which she ingested. Appellant parked his truck. India wanted appellant to take her home, but he refused. He said that he had a gun and would kill her if she did not do as he said. She was afraid and complied with his demand to orally copulate him. Next, he forcibly inserted his penis into her vagina. After that, he drove her home.

## DISCUSSION

A.     *Motion to Strike Prior Conviction.*

Appellant contends his circumstances put him outside the spirit of the Three Strikes law and so the trial court abused its discretion in denying his motion to strike his prior conviction. Specifically, appellant contends his prior strike conviction for residential burglary was committed in 2002 when he was only 21 years old and so was remote in time. He also contends he

3

committed no serious offenses in the 13 years between that offense and the current offenses.

We review a trial court's ruling on a motion to strike a prior strike conviction for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).) In so doing, "we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at pp. 376–377.)

"[T]he circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record.' " (*Carmony, supra,* 33 Cal.4th at p. 378.) Thus, the California Supreme Court has established "stringent standards" courts must follow in ruling on a motion to strike or reviewing such a ruling. " '[T]he court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside

4

the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' " (*Id*. at p. 377.) " '[W]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' " (*Id*. at p. 378.)

Here, the trial court expressly considered the remoteness of appellant's strike conviction, a 2002 burglary of which appellant was convicted in 2004. As the People pointed out, appellant did not live a law-abiding life between the 2002 burglary and the 2015–2016 sexual offenses. Appellant was convicted of misdemeanor battery arising from a 2003 incident of domestic violence, misdemeanor domestic violence with injury in 2012, and assault with a deadly weapon in 2013. The current offenses also involved violence against women, showing a continuing pattern of criminal behavior. Such a pattern makes the remoteness of the strike conviction less meaningful. (See *People v. Philpot* (2004) 122 Cal.App.4th 893, 906 ["Although defendant points out his personal background and the remoteness of his priors, the court could not overlook the fact defendant consistently committed criminal offenses for the past 20 years."].)

The trial court also expressly considered appellant's personal characteristics, noting that appellant was a "very, very bright" and "intelligent" man who could have been a lawyer. The trial court also recognized that although appellant was intelligent, "for some particular reason . . . some particular need," appellant chose to commit "heinous" crimes against two separate

5

victims and threatened one of the victims with a knife.  The court concluded that "the negatives outweigh the positive."

Appellant does not contend the trial court was unaware it had discretion to strike the conviction, and he has not identified any improper factors considered by the court or any relevant factors overlooked by the court.  (See *People v. Avila* (2020) 57 Cal.App.5th 1134, 1140–1141 [court abuses its discretion if it considers improper factors or fails to consider relevant factors].)  He simply disagrees with the trial court's weighing of those factors.  This is insufficient to show an abuse of discretion.  The trial court " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law.' "  Thus, we are bound to affirm that ruling.  (*Carmony, supra,* 33 Cal.4th at p. 378.)

B.  *Presentence Conduct Credit.*

The trial court ruled appellant was not entitled to presentence conduct credit.  The court reached the correct conclusion.

When the One Strike law (§ 667.61) was enacted in 1994, it provided that defendants sentenced under its provisions were limited to 15 percent conduct credit.  (*People v. Adams* (2018) 28 Cal.App.5th 170, 181–182.)  In 2006, section 667.61 was amended to remove any reference to conduct credit.  (*Adams,* at p. 182.)  Thereafter, defendants given indeterminate terms under section 667.61 are no longer eligible for presentence conduct credit.  (*Adams,* at p. 182; accord *People v. Dearborne* (2019) 34 Cal.App.5th 250, 267–268.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

HARUTUNIAN, J.*

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7