Filed 9/13/23  P. v. Edwards CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080809 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE392534) |
| TONY RAY EDWARDS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Herbert J. Exarhos, Judge.  Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Tony Edwards faced a potential indeterminate sentence of 25 years to life after a jury convicted him of first degree burglary because several aggravating factors, including two prior serious felony strikes, were

found to be true beyond a reasonable doubt.  At sentencing, the trial court discussed mitigating and aggravating factors and decided that, while 25 years to life was too long, Edwards should spend a significant time in prison.  Without objection from defense counsel, the trial court asked the parties to work backwards to craft a sentence that would add up to the length of time it wanted.  Ultimately, the trial court imposed the upper term and sentenced Edwards to 19 years and 8 months in prison.

Edwards appeals the sentence because, in his view, the trial court did not comply with the requirements of Penal Code section 1170, subdivision (b)(2) for exceeding the middle term.  We affirm the judgment for two reasons.  First, Edwards forfeited his objection to the sentencing procedure because he raised it for the first time on appeal.  Second, the trial court properly exercised its discretion under section 1170 when it found that aggravating circumstances justified the upper term.

I.

A jury found Edwards guilty of first degree burglary of a dwelling occupied by a person other than an accomplice.  (Pen. Code, §§ 459, 460, subd. (a), 667.5, subd. (c)(21).)  The trial court then oversaw a proceeding in which it found several aggravating factors to be true beyond a reasonable doubt:  Edwards (1) committed the offense while out on bail; (2) committed the offense while on probation or parole; (3) committed "numerous" crimes of "increasing seriousness"; (4) served two prior prison terms; and (5) was previously convicted of two serious felony prior strikes, one in 1998 for in-store robbery (Pen. Code, § 211) and one in 2019 for arson of property (Pen. Code, § 451, subd. (d)).

The two prior strikes required the trial court to impose a five-year enhancement for each prior strike and, for the current conviction, an

2

indeterminate term of 25 years to life.  (Pen. Code, § 667, subds. (a)(1), (e)(2)(A)(ii).)  The trial court, however, thought "25 to life" was "too much."  It thus eliminated the 1998 prior strike for sentencing purposes because that robbery occurred so long ago and the circumstances of the offense did "not rise to the level that would justify an indeterminate sentence."  The trial court struck the corresponding five-year enhancement for the same reason.  Without that prior strike and enhancement, Edwards faced a determinate term of "around [ ] 26 years maximum."

At sentencing, in addition to striking one of Edwards' prior strikes, the trial court considered mitigating and aggravating factors.  The trial court sympathized with Edwards' "horrible" childhood.  It also found "significant" that Edwards did not use weapons or violence during any of his thefts and gave him "credit" for committing them in daytime, which reduces the likelihood of anyone being home.  At the same time, the trial court deemed Edwards a "career thief" and expressed that "society needs to be protected from him [for] a significant period of time."

To decide the length of time, the trial court asked both sides for "numbers."  When the prosecutor proposed the upper term, the trial court found that it could depart upwards because "aggregates have been found to be true."  The trial court eventually asked the parties to "[d]o the math" to create a determinate sentence of 20 years.  The court acknowledged that it had never "done a sentence where you're working backwards from the numbers," but decided that the circumstances warranted doing so here.  Edwards' counsel never objected to this procedure.

In the end, the trial court selected the upper term, which, together with the remaining prior strike and other enhancements, resulted in a total sentence of 19 years and 8 months.

3

## II.

On appeal, Edwards challenges the "manner in which the trial court reached [his] sentence." He contends that the court abused its discretion because it "picked a (seemingly arbitrary) number of years and worked backward" rather than starting with the middle term.

The People argue that Edwards forfeited his sentencing challenge and, in any event, the trial court did not err when it imposed the upper term. We agree.

### A.

"[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356 (*Scott*).) Although Edwards did not lodge this objection with the trial court, he argues that he may do so now because the trial court imposed an unauthorized sentence.

We conclude that Edwards forfeited this issue. An unauthorized sentence is one that "could not lawfully be imposed under any circumstance in the particular case." (*Scott*, *supra*, 9 Cal.4th at p. 354.) Edwards' 19-year, 8-month sentence was not unauthorized because it fell below the maximum sentence and, "assuming aggravation outweighed mitigation," the trial court could lawfully impose the upper term. (*Id.* at p. 355.) Consequently, Edwards cannot challenge the "method" the trial court used to reach his sentence for the first time on appeal.

### B.

Even if Edwards preserved this issue for appeal, we would still affirm the judgment.

We review the trial court's sentencing choice for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  Edwards bears the burden to show that the sentencing decision was "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

We conclude that Edwards has not met his burden.  Relevant here, the court may impose a sentence that exceeds the middle term "only when there are circumstances in aggravation of the crime that justify" the higher term. (§ 1170, subd. (b)(2).)  Edwards asserts that this section requires the court to expressly "start with the midterm" before it can depart upward.  But the sentencing law is not so rigid.  It sets out the standard for an upper-term sentence without detailing the exact steps or words that a trial court must use to get there.  Here, even if "unorthodox," as Edwards claims, the trial court's methodology was not arbitrary.  The record reflects that the trial court weighed mitigating and aggravating factors and properly exercised its discretion to impose the upper term as required under section 1170, subdivision (b)(2).

## III.

We affirm the judgment.

CASTILLO, J.

WE CONCUR:


BUCHANAN, Acting P. J.


RUBIN, J.