Filed 9/11/25  P. v. Dunn CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>SHAMEEK ABSALOM DUNN,<br><br>  Defendant and Appellant. | B338466<br><br>(Los Angeles County<br>Super. Ct. No. SA105458) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph J. Burghardt, Judge.  Affirmed.

Nancy Haydt, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Shameek Absalom Dunn appeals from the judgment after a jury found him guilty of two counts of assault with intent to commit rape or sexual penetration by force, one count of false imprisonment by violence, and one count of misdemeanor sexual battery. The trial court sentenced him to a prison term of 13 years four months, plus 180 days in county jail. Dunn does not challenge his convictions; instead, he raises two sentencing issues. He argues the court abused its discretion by imposing a consecutive sentence for the misdemeanor sexual battery count and upper terms for the two assault counts. We reject Dunn's challenges and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *The Charges*

The People charged Dunn with assault with intent to commit rape or sexual penetration by force against Madeline W.[1] (Pen. Code, § 220, subd. (a)(1)[2]; count 1), false imprisonment by violence against Michelle J. (§§ 236, 237; count 2), misdemeanor sexual battery against Madeline G. (§ 243.4, subd. (e)(1); count 3), and assault with intent to commit rape or sexual penetration by force against Nicole G. (§ 220, subd. (a)(1); count 4). As to counts 1, 2, and 4, the People alleged two circumstances in aggravation: Dunn engaged in violent conduct that indicates a serious danger

---

[1]     We refer to the victims by their first names and last initials to protect their privacy interests. (See Cal. Rules of Court, rule 8.90(b)(4).)

[2]     Further statutory references are to the Penal Code.

to society (Cal. Rules of Court, rule 4.421(b)(1)),[3] and Dunn was out of custody on bail when he committed count 4 (rule 4.421(c)).

B.    *Prosecution Evidence at Trial*

    1.    *Madeline W. – count 1*

On October 19, 2021, at 4:40 p.m., Madeline W. was at Venice Beach when Dunn approached her from behind and grabbed her tightly.  Dunn grabbed Madeline W.'s breast with one hand and put his other hand underneath her skirt.  He touched her buttocks and her vagina over her bathing suit.  Madeline W. repeatedly told Dunn to get off her.  After a few minutes, Dunn let go and walked away.

    2.    *Michelle – count 2*

Thirty minutes later, Dunn approached Michelle on the beach and sat next to her on her blanket.  Michelle asked him to move, and he refused.  Michelle grabbed her blanket, walked away, and sat down "far away from him."  Minutes later, Dunn approached Michelle, "jumped on top of [her]," and pinned her down.  Michelle "started flailing and screaming."  "[A]ll of a sudden [Dunn] just let [her] go," and Michelle ran away.

    3.    *Madeline G. – count 3*

Minutes later, at 5:20 p.m., Madeline G. was at an ATM in Venice Beach when Dunn approached her and "slap[ped] her butt."  Madeline G. said, " 'Can you . . . not touch me?' "  Dunn responded, " 'So am I not gonna get to fuck you?' "  Dunn then walked away, and within moments, police officers detained him.

---

[3]    Further rule references are to the California Rules of Court.

3

### 4. *Nicole – count 4*

On January 20, 2023, at 5:51 a.m., Nicole was at Los Angeles International Airport when Dunn approached her. Dunn complimented her outfit and asked if she wanted to go for a walk through the terminal; Nicole declined. Later, Dunn approached Nicole again and asked her a lot of questions, and Nicole went to the women's restroom " 'to kind of shake him off.' " Dunn came into the women's restroom, put his arms around Nicole, and tried to force her into a stall. Nicole kicked, screamed, and shouted, " 'No.' " Another woman came into the restroom and pulled Nicole away from him.

## C. *Defense Evidence at Trial*

Dunn testified that he did not entirely remember what happened on October 19, 2021, at Venice Beach. He said he smoked marijuana and "everything was . . . in a dream state." He testified "the drugs were speaking to [him]" and "[e]verything was kind of sex-based focused." He remembered touching Madeline G.'s buttocks, but he did not know why he did it. When he spoke to police officers at the station, he said, " 'I love bad bitches. That's my fucking problem.' "

He also testified that in January 2023, he was at the airport and not under the influence of anything. He remembered meeting Nicole and receiving "cues" from her. He followed her into the women's restroom because he thought she "was inviting [him] to have sexual relations." He intended to "initiat[e] . . . a hookup," not to rape or hurt her.

4

D.    *The Verdict and Sentencing*

The jury convicted Dunn on all four counts.  Dunn waived his right to a jury trial on the aggravating factors and agreed to a court trial, after which the court found true beyond a reasonable doubt that, as to counts 1 and 4, Dunn engaged in violent conduct that indicated a serious danger to society.  As to count 4, the court also found true beyond a reasonable doubt that Dunn was out on bail when he committed the offense.  The court found no aggravating factors as to count 2.

At sentencing, defense counsel urged the court to "impose the minimum" possible sentence.  Counsel specifically asked the court to consider Dunn's "lack of criminal record" and the fact "there were no great physical injuries."  Counsel also asked the court to consider Dunn's young age, stating, "While . . . Dunn was not under the age of 26 when these incidents occurred, he was very close to it.  So I would ask the court to consider the youthfulness factor."

As to the two counts of assault with intent to commit rape or sexual penetration by force (counts 1 and 4), the court stated it was imposing "a full, separate, and consecutive term . . . for each violation" under section 667.6, subdivision (d).[4]

For count 1, the court imposed the upper term of six years in state prison.  In choosing the upper term, the court determined

---

[4]    Section 667.6, subdivision (d) provides:  "A full, separate, and consecutive term shall be imposed for each violation of an offense specified in subdivision (e) if the crimes involve separate victims or involve the same victim on separate occasions." (§ 667.6, subd. (d)(1).)  Subdivision (e) includes "assault with intent to commit a specified sexual offense, in violation of section 220."

the aggravating factor that Dunn engaged in violent conduct that indicated he was a serious danger to society outweighed "the mitigating . . . factors[,] including [Dunn's] lack of prior record." The court further concluded "the imposition of the low[er] or middle term would be contrary to the interest of justice."

For count 4, the court also imposed the upper term of six years in state prison. In choosing the upper term, the court considered the aggravating factors that Dunn engaged in violent conduct that indicated a serious danger to society and that he committed the offense while out of bail "for a similar offense." The court concluded these aggravating factors outweighed the mitigating factor that Dunn did not have a prior record.

For count 2, false imprisonment by violence, the court imposed a consecutive lower term of 16 months in state prison. The court selected the lower term based on Dunn's lack of criminal record and stated it was imposing the term consecutive to counts 1 and 4 under section 667.6.[5]

---

[5] False imprisonment by violence is not one of the enumerated violent sex offenses under section 667.6 that require a full, separate, and consecutive term to be imposed. (See § 667.6, subd. (e) [listing only violent sex offenses].) However, if terms are imposed consecutively under section 667.6, subdivision (d), as they were in this case for counts 1 and 4, the terms must be calculated "separately and the total of the section 667.6, subdivision (d) sentences [must be] added to any sentence computed independently." (*People v. Pelayo* (1999) 69 Cal.App.4th 115, 125.) Under section 667.6, subdivision (d)(3), the sentence computed independently must be added "consecutively" to the section 667.6, subdivision (d), sentences. (§ 667.6, subd. (d)(3) ["The term shall be served consecutively to any other term of imprisonment"].) Accordingly, if there is more

6

For count 3, misdemeanor sexual battery, the court imposed 180 days in county jail to run consecutively. In imposing the consecutive term, the court considered the following: Dunn's "appreciation and attitude towards the offense"; his "character"; his "amenability [to] rehabilitation"; that "[Dunn] did not tell the truth when he was on the stand"; and that he "showed no appreciation for the harm that he's done and how serious the offenses are." The court also considered "the nature and circumstances of the offense." Earlier in the hearing, the court described the circumstances of the offenses as follows: "Each count in this case involve[d] a separate victim," and while "there were not serious physical injuries," Dunn caused "mental injuries that . . . oftentimes are more serious than physical injuries."

Dunn timely appealed.

## DISCUSSION

Dunn argues that the court abused its discretion in imposing a consecutive sentence for count 3 (misdemeanor sexual battery) and upper terms for counts 1 and 4 (assault with intent to commit rape or sexual penetration by force). We agree with the People that neither argument has merit.

---

than one non-violent or non-sexual offense that does meet the criteria of section 667.6, subdivision (e), as is true in this case (counts 2 and 3), those offenses are computed independently and may be imposed consecutively or concurrently to each other. (See *Pelayo*, at p. 125.) They must then be added consecutively to the section 667.6, subdivision (d), sentences. (See *ibid*.) Dunn does not contend the court erred in sentencing him to a consecutive term for count 2.

A. *Standard of Review*

We review for abuse of discretion the trial court's discretionary sentencing decisions.  (*People v. Salazar* (2023) 15 Cal.5th 416, 428, fn. 8.)  "Under an abuse of discretion standard, ' "we ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious." ' "  (*People v. Garcia* (2024) 101 Cal.App.5th 848, 857; see *People v. Hilburn* (2023) 93 Cal.App.5th 189, 206 ["That 'discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an "individualized consideration of the offense, the offender, and the public interest." ' "].)

"The abuse of discretion standard is highly deferential." (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)  "First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree.  'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.]  Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it."  (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

B.   *The Court Did Not Abuse Its Discretion by Imposing a Consecutive Sentence on Count 3*

Dunn contends the court abused its discretion in imposing a consecutive sentence on count 3 because the court "ignore[d] the fact that counts 1, 2, and 3 comprise a single period of aberrant behavior as defined in rule 4.425(a)(3)," one of the factors to be considered in deciding whether to impose a term consecutively. As Dunn argues, counts 1, 2, and 3 "all occurred in a period of 40 minutes, at Venice Beach, in close physical proximity."

When a person is convicted of two or more crimes, the sentences "shall run concurrently or consecutively." (§ 669, subd. (a).)  A trial court has " 'broad discretion' " to impose concurrent or consecutive sentences.  (*People v. Leon* (2010) 181 Cal.App.4th 452, 467; see *People v. Scott* (1994) 9 Cal.4th 331, 349-350 ["the trial court often has broad discretion to tailor the sentence to the particular case," including discretion whether "to impose consecutive rather than concurrent sentences"].)

The court must orally state on the record "the primary factor or factors" that support its decision to impose consecutive sentences.  (Rule 4.406(a), (b)(4).)  Rule 4.425 sets forth factors to consider in determining whether to impose consecutive or concurrent sentences, including whether:  [¶]  (1) The crimes and their objectives were predominantly independent of each other; [¶]  (2) The crimes involved separate acts of violence or threats of violence; or [¶]  (3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." (Rule 4.425(a).)  The trial court is not limited to factors set forth in Rule 4.425; "[t]he listing of factors in these rules for making

9

discretionary sentencing decisions is not exhaustive and does not prohibit a trial judge from using additional criteria reasonably related to the decision being made." (Rule 4.408(a).)

Dunn cites no authority for his argument that "counts 1, 2, and 3 comprise a single period of aberrant behavior." Even if we were to determine Dunn's offenses against Madeline W., Michelle, and Madeline G. occurred during a single period of aberrant behavior under rule 4.425(a)(3), that factor is not dispositive, and the court stated numerous other factors that support its decision to impose a consecutive sentence for count 3. Those factors included Dunn's lack of appreciation for the seriousness of the offense and the harm his conduct caused, his "character" and amenability to rehabilitation, and his lack of truthfulness in testifying. These factors were "reasonably related" to the court's decision and thus appropriately considered. (Rule 4.408(a).) Further, the court properly noted that each offense involved a "separate victim," implicitly relying on the factor that "[t]he crimes involved separate acts of violence" (rule 4.425(a)(2)). Although the court did not explicitly address whether the crimes "indicate[d] a single period of aberrant behavior" under rule 4.425(a)(3), it was not required to. The court needed only to state the "primary factor or factors" for its decision (rule 4.406(a), (b)(4)), which it correctly did here. Accordingly, Dunn has failed to " ' "clearly show" ' " that the court abused its discretion by imposing a consecutive sentence on count 3. (*People v. Carmony*, *supra*, 33 Cal.4th at pp. 376-377.)

10

C.	*The Court Did Not Abuse Its Discretion by Imposing the Upper Term for Counts 1 and 4*

Dunn contends the court abused its discretion under section 1170, subdivision (b), by imposing the upper term for counts 1 and 4. Specifically, Dunn argues the court failed to apply the lower-term presumption based on Dunn's youth and "did not give adequate weight" to his lack of prior criminal record.

Effective January 1, 2022, Senate Bill No. 567 amended section 1170, the determinate sentencing law. (Stats. 2021, ch. 731, § 1.3.) The legislation amended section 1170, subdivision (b)(2), to prohibit imposition of an upper term sentence unless circumstances in aggravation justify the upper term and the facts underlying those circumstances "have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

The legislation also amended section 1170, subdivision (b)(6), to make the lower term the presumptive sentence "if any of the following was a contributing factor in the commission of the offense: [¶] (A) The [defendant] has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. [¶] (B) The person is a youth or was a youth . . . at the time of the commission of the offense. [¶] (C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking." (*Ibid*.) A "youth" is defined as "any person under 26 years of age on the date the offense was committed." (§ 1016.7, subd. (b); see § 1170, subd. (b)(6)(B).) The lower-term presumption may be overcome if the court "finds that the aggravating circumstances

11

outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).)

Neither of Dunn's arguments, involving section 1170, subdivision (b), is persuasive. First, Dunn has not demonstrated that the lower-term presumption was triggered in his case because of his age. The presumption is only triggered if he "was a youth . . . at the time of the commission of the offense" and his youth was "a contributing factor in the commission of the offense." (§ 1170, subd. (b)(6); see *People v. Fredrickson* (2023) 90 Cal.App.5th 984, 991.) Dunn was 26 years old when he committed count 1 and 27 years old when he committed count 4, and thus was not a "youth" under the statute. Dunn offers no argument as to why we should ignore the plain language of the statute, which limits the definition of youth to persons *under* 26 years of age. Further, Dunn has made no showing that his age was a contributing factor.

Second, Dunn has failed to show that the court did not properly consider Dunn's lack of prior criminal history. In imposing the upper term for counts 1 and 4, the court explicitly considered Dunn's "lack of prior record" as a "mitigating factor." For count 1, the court weighed that mitigating factor against the aggravating factor that Dunn engaged in violent conduct that indicated he was a serious danger to society and concluded "the imposition of the low[er] or middle term would be contrary to the interest of justice." For count 4, the court weighed the same mitigating factor against the aggravating factors that Dunn engaged in violent conduct that indicated a serious danger to society and that he committed the offense while out of bail and concluded "[t]he aggravating factors . . . outweigh the mitigating

factors." By arguing that the court "did not give adequate weight" to the mitigating factor, Dunn essentially asks us to reweigh the factors, but we are not permitted to "reweigh valid factors bearing on the decision below." (*People v. Scott, supra,* 9 Cal.4th at p. 355.) No abuse of discretion occurred.

## DISPOSITION

The judgment is affirmed.


                                        STONE, J.

We concur:


MARTINEZ, P. J.


SEGAL, J.